J. M. CARSON v. KELLEY & SWEATT.

(Case No. 3446.)

1. VENDOR AND VENDEE — ANSWER.— A vendee holding under an absolute deed
with general warranty, and seeking to defend a suit for the purchase money on
the ground of failure of title to a part of the land, must aver in his answer
that he was ignorant of the defect in his title at the time of the purchase.

2. SAME — INSOLVENCY.— An allegation in defendant's answer that he fears the
vendor would be unable to respond in damages upon his warranty, for he knows of
no property of the vendor subject to execution, is not a sufficient averment of
insolvency.

3. SAME — FRAUD.— Nor does an answer sufficiently allege fraud when it does not al-
lege that the representations were made with intent to deceive, nor that the
defendant was misled or deceived by them.

APPEAL from Ellis.   Tried below before the Hon. Nat. M. Burford.

The appellees brought this suit for the amount due them on a note made and executed by J. M. Carson, the appellant, payable to A. H. Beale, given for the purchase money of a tract of land, which was conveyed by deed, at the same time with the making of the note, by the payee of the note, to the said maker.

The plaintiffs, as the owners of the note by subsequent transfer, sought in their petition for judgment on the note, and a foreclosure of the vendor's lien.   The defendant's answer set up as a defense that Beale, the vendor of the land, represented at the time of sale that he was the owner of the whole tract which was conveyed to the defendant, and that that representation was untrue, in that a strip of forty varas in width, and one thousand and fifty-five varas in length, of the land embraced by the deed, did not belong to the said grantor, Beale, and that he has never since acquired the same; that the strip referred to belongs to one C. Jackson, and that defendant is liable to be evicted by him; that the want of the strip of land thus contracted for has caused damage to him in the sum of $500. Defendant alleged also that in case he should be evicted from said strip of land, "*he fears* that said Beale would be unable to respond in damages upon his warranty, for *he knows of no property* of the said Beale which is subject to execution."

The plaintiff excepted to the sufficiency of the answer generally, and specially, and for special grounds of exception says:

1st. That the defendant does not allege that he was ignorant of the defect in plaintiff's title at date of purchase.

2d. That defendant does not offer to restore possession of the property.

The exceptions were sustained by the court, and judgment was

rendered for the plaintiff for the amount sued for, and foreclosure of the lien was decreed.

The defendant appealed, and assigns as error the ruling of the court on the plaintiff's exception to his answer.

The defendant's answer alleged that the deed to him from the plaintiff contained a clause of general warranty of title.

*A. A. Kemble,* for appellant.

*Ferris & Rainey,* for appellees.

WALKER, P. J. COM. APP.— It appears clearly that the contract for the sale of the land to the defendant was an executed contract. The deed recited on its face that the conveyance to the defendant, the grantee in the deed, was made in consideration of the sum of $2,212.50 — $75 of which was paid in hand, and two promissory notes were executed by the defendant for the balance; the note sued on being one of those described in the deed, and which recited on its face that the consideration was " part payment for a tract of land this day deeded to me." The deed was absolute in its terms of conveyance, and contained the usual clause of general warranty of title. There being no express reservation of the vendor's lien contained in terms in the deed, the contract of sale of the land was, according to the decision made in Baker *v.* Compton, 52 Tex., 261, an executed contract.

The rule of law applicable to the defense which the defendant sets up in this case varies as to contracts which are executory and those which are executed. In Cooper *v.* Singleton, 19 Tex., 266, it is laid down as follows: " The difference between the liabilities of the vendee under an executory and an executed contract is this: that in the former he should be relieved by showing defect of title, unless on proof by the vendor that this was known at the sale, and it was understood that such title should be taken as the vendor could give. In the latter, the vendee should establish beyond doubt that the title was a failure in whole or in part; that there was danger of eviction; and also such circumstances as would *prima facie* repel the presumption that at the time of the purchase he knew and intended to run the risk of the defect."

Under the above rule, it would seem that the vendee who should set up the defense against the payment of the note sued on, that the title was invalid to a part of the land, must aver in his answer, at least, that he was ignorant of the defect in the title at the time

of the purchase. The answer failed thus to aver the defendant's want of knowledge on this subject, and the defendant declined to amend it, notwithstanding the plaintiff filed a special exception thereto which pointed out that want of allegation. The facts stated in the answer are consistent with the supposition that the defendant, at the time of the purchase, may have known of the defect of title to a part of the land, or that he may have been in ignorance concerning it, and relied for his protection, in case of eviction or want of sufficient title, on the warranty contained in the deed. Surely the answer does not state facts which tend to throw any light whatever upon the defendant's personal knowledge concerning the state of the title, nor to show his intention to run the risk of the defect. The answer alleged that the plaintiff represented that he owned the whole of the tract of land which was purchased; and shows that the strip which diminished the area of the tract as described in the deed was small and inconsiderable in extent; and that the grantor conveyed the whole by a warranty deed. These circumstances do not present, by any means, a *prima facie* case that he did not mean to rely upon the warranty of title, and they do not, of themselves, raise the presumption that he knew of the defect when he purchased, and intended to run the risk of it.

The defendant declined to amend his answer when the exceptions to it were sustained, and there being no error in the ruling made upon the pleadings as they stood before the court, the case of Cooper v. Singleton, *supra*, is quite in point, in respect both to the general principle of law involved, and to the question of pleading presented alike in that case and in this.

If the defendant relied upon an equity resulting from the insolvency of the grantor, Beale, the allegations of his answer, that "he *fears* that said Beale would be unable to respond in damages upon his warranty, for he knows of no property of the said Beale which is subject to execution," is insufficient as an averment of insolvency. The above facts are not equivalent in meaning to the statement in direct terms that Beale was then insolvent at the time of filing the answer. It does not allow of a logical inference that Beale was insolvent because the defendant entertained a fear as to his inability to pay his obligations or debts, especially when that fear has no other foundation than the mere fact that the defendant has no knowledge as to what amount or kind of property Beale may be possessed of; such allegations are consistent with a hypothesis that Beale was entirely solvent, notwithstanding the defendant's fear, and are not at all inconsistent with the supposition that inquiry,

properly directed by the defendant, might have supplied him with knowledge as to Beale's property leading him to the conclusion that he was entirely responsible for his debts under process of execution. It is an elementary principle that the pleader must state the facts of his case by averment direct and positive, and not leave them to be derived by argument and inference.   Thompson *v.* Munger, 15 Tex., 523.

Neither is there a sufficient allegation of fraud contained in the answer, and of reliance upon the representations of Beale as to the ownership of the whole tract, to base a right to relief against a. fraud practiced upon the purchaser.   The answer does not allege that the representations referred to were fraudulently made with intent to deceive or to defraud the defendant, nor that the defendant acted upon and relied upon them, or that he was misled or deceived by them.   The representations must not only be something material, but something in regard to which the one party places a known trust and confidence in the other.   Jackson *v.* Stockbridge, 29 Tex., 394.

The judgment ought to be affirmed.

AFFIRMED.

[Opinion delivered June 20, 1882.]