J. N. McCREARY v. W. S. DOUGLASS ET AL.

No. 317.

1. **Boundary Line—Evidence—Field Notes.**—Where the issue involved the location of a boundary line, it was permissible for a witness to testify that he had the junior location made, and that no survey was made on the ground, but the field notes were made out in the surveyor's office, he being present, and that the intention was to include all the land between two older surveys; as this evidence did not tend to contradict, but merely to explain the field notes as returned.

2. **Trespass to Try Title—Warrantor Made Party.**—In trespass to try title, the plaintiff, as well as the defendant, may vouch in his own warrantor as a party defendant, and have a recovery on the covenants of warranty if he loses the land; and a plea by such warrantor that he resides in another county is not tenable.

3. **Warranty— Shortage in Land — Pleadings Necessary.**—Where a warranty deed purports to convey land in a certain survey, the grantee can

not recover for a shortage in the land caused by conflict with an older adverse location, in the absence of an allegation of fraud or mistake as to the number of acres conveyed.

Appeal from Clay. Tried below before Hon. George E. Miller.

*Templeton & Patton*, for appellant.—1. The court erred in permitting the witness Howeth to testify, that in making the location of the Brown survey, the call for the southeast corner of the Brinkley survey was made supposing this corner of the Brinkley was 1480 varas west of the northeast corner of the Aaron survey; and that the field notes the surveyor was going by at the time called to begin 1480 varas west of the Aaron northeast corner. Boon v. Hunter, 62 Texas, 582; Anderson v. Stamps, 19 Texas, 460.

2. The court erred in his conclusions of fact in finding that the land in controversy in this case was a part of the Brinkley survey, and was not a part of the Brown survey. Bass v. Mitchell, 22 Texas, 285; Duren v. Presberry, 25 Texas, 513; Smith v. Chatham, 14 Texas, 322; Railway v. Thompson, 65 Texas, 186; Gerald v. Freeman, 68 Texas, 201; Boon v. Hunter, 62 Texas, 582.

3. The court did not err in rendering judgment against Howeth for the purchase money paid for that part of the Brown survey which was found to be in conflict with and which was covered by the Brinkley survey. Such judgment was authorized both by the pleadings and the evidence. Norton v. Collins, 1 Texas Civ. App., 372; Norton v. Schumaker, 18 S. W. Rep., 720.

4. Where land is sold and accurately described in a warranty deed by metes and bounds which embrace the number of acres purchased, and it is found that a portion of the land described is embraced within the limits of an older and superior grant, the result is a partial breach of the warranty; and the purchaser is entitled to recover of his warrantor such part of the purchase money as was paid for that part of the land which was found to be in conflict with the older survey; and this is true whether the deficiency was known when the conveyance was made or not. Doyle v. Hord, 67 Texas, 621; Wheeler v. Boyd, 69 Texas, 293, 298; Emmerson v. Navarro, 31 Texas, 335; Smith v. Fly, 24 Texas, 345; Mitchell v. Zimmerman, 4 Texas, 75; Walling v. Kinnard, 10 Texas, 508; O'Connell v. Duke, 29 Texas, 300.

*Potter, Potter & Giddings*, for appellee W. W. Howeth.— The court erred in rendering judgment against the warrantor under a general warranty for a deficit in the number of acres conveyed, when there were neither pleadings nor proof of representations by the warrantor of lines, corners, or number of acres made to the grantee at the time of the sale. Daughtrey v. Knolle, 44 Texas, 455.

HEAD, ASSOCIATE JUSTICE.—The point of difference between appellant and appellees W. S. and A. H. Douglass is the location of the dividing line between the J. C. Brown and A. Brinkley surveys, the appellant owning the former and said appellees the latter. The court below found the land in controversy to be entirely within the Brinkley survey, and a careful examination of the record satisfies us there was evidence sufficient to sustain this view. The Brinkley was the older survey, and the Brown called to commence at its southeast corner on the north boundary line of A. Aaron's survey; thence east with said line of Aaron's survey 812 varas to southwest corner of Jack County school land; thence north with west line of same 1112½ varas to a stake; thence west 812 varas to a stake in east line of Brinkley survey; thence south with said line 1112½ varas to beginning.

The Brinkley survey called to commence 1480 varas west of the northeast corner of the Aaron. The Jack County school land called for its southwest corner to be 668 varas west of the northeast corner of the Aaron. This left the distance between the Brinkley and the school land to be 812 varas, as called for in the field notes of the Brown; and W. W. Howeth was permitted to testify, that he, as agent for the owner, had the Brown located; that no survey was made upon the ground, but the field notes were made out in the office of the surveyor, and the intention was to include all the land between the Brinkley and Jack County school surveys and run north for quantity called for in the certificate; and that the Brinkley was calculated to commence 1480 varas west of the northeast corner of the Aaron, as called for in its patent. We do not think there was any error in admitting this evidence. The witness was present when the field notes were made, and his evidence in no manner tends to contradict, but rather to explain, the field notes as returned. But even if this evidence was improperly admitted, it was merely cumulative, and would not be sufficient to require a reversal, the trial having been before the court without a jury.

This disposes of the case as between appellant and appellees above named.

Appellant in his petition alleged, that he had purchased the land in controversy from W. W. Howeth, receiving a deed with covenant of general warranty, and prayed for judgment thereon in case he lost the land. Howeth plead in abatement his residence in Cooke County, and claimed his right to be there sued. Upon the issue thus made, we think the court correctly held that appellant had the right to make his warrantor a party, even though he resided out of the county in which the suit was pending. We believe it has never been contended that a defendant has not the right to vouch in his warrantor so as to make the judgment binding upon him, no matter where he may reside; and we see no good reason why, under

our liberal system of procedure, the same rule should not apply to a plaintiff, where the land conveyed to him is claimed adversely.   Norton v. Collins, 1 Texas Civ. App., 272; Johns v. Hardin, 81 Texas, 37. How else could the judgment rendered be made evidence against the warrantor ?   It certainly is not the law, that a plaintiff can be required first to litigate with an adverse claimant, and when he suffers defeat, the judgment rendered against him be no evidence in his favor in a subsequent suit upon his covenant of warranty.   Yet this would be the result if he has not the right to make his warrantor a party to the first suit.

We are also of opinion that in such case the proper money judgment should be rendered upon the covenant of warranty in case the defendant prevails.   Johns v. Hardin, supra.

We believe, however, the judgment in favor of appellant against his warrantor, Howeth, was improper under his pleading in this case.   As noted above, appellant only sought a recovery upon his covenant of warranty, upon the ground that he had lost land conveyed to him by his deed.   His petition contained no allegation of fraud or mistake as to the number of acres conveyed.   The evidence is perfectly plain that Howeth only conveyed the land in the Brown survey, and the judgment of the court finds the land in controversy to be in the Brinkley.   There is no evidence that Howeth pointed out this particular land as being included in the sale.   The court below, however, found that he represented the survey to contain 160 acres, and as it contained only 121, he should make good the difference.   This judgment may have been justified by the facts, but clearly was not by the pleading.   Daughtrey v. Knolle, 44 Texas, 451; Franco-Texan Land Co. v. Simpson, 1 Texas Civ. App., 600; Bellamy v. McCarthy, 75 Texas, 294.

The other assignments need not be considered.

The judgment of the court below will be affirmed as between appellant and appellees W. S. and A. H. Douglass, and reversed and remanded as to appellant Howeth.

> *Affirmed in part.*
> *Reversed and remanded in part.*

Delivered December 20, 1893.