### W. G. EUSTIS v. E. E. FOSDICK.

#### No. 321.

**1. Limitation—Covenant of Warranty.**

Limitation does not run against a covenant of general warranty from its date, but from its breach ............................................... 617

**2. Rights of Warrantee.**

Upon sale of a part of several tracts of land which had been conveyed to the vendor by deed with general warranty, the warranty passes with the land to the vendee of such part in proportion that such part bears to the whole. It could not revest until the vendor in the sale of such part satisfies his vendee's claim for damages under such warranty ........................ 617

3. Case in Judgment—Remedy on Warranty.

Action of trespass to try title against Fosdick and Alvord for several tracts of
land conveyed by warranty deed by Eustis to Fosdick. Fosdick had sold
one of the tracts, with warranty, to Alvord. Fosdick vouched Eustis on
his warranty. On recovery by the plaintiff, it was proper to enter judg-
ment in favor of Fosdick against Eustis for the amount of his warranty,
less the proportion thereof which the land conveyed to Alvord bore to the
whole; and further, for the remainder of the consideration in the warranty,
with stay of execution until Fosdick should satisfy the claim of Alvord
upon the warranty ............................................. 618

ERROR to Court of Civil Appeals for Second District, in an appeal
from Wilbarger County.

*W. G. Eustis,* for plaintiff in error.—1. After selling part of the
land, Fosdick could not recover on his warranty for the part sold with-
out first paying off or discharging the claim of his vendee under the
warranty. Acres v. Curtis, 63 Texas, 423; Burt v. Dewey, 40 N. Y.,
235; Withy v. Mumford, 5 Cow., 137; Birney v. Hann, A. K. Marsh.,
322; 2 Dev. on Deeds, 934; Sedg. on Dam., 3 ed., 955; 2 Suth. on Dam.,
ed. 1884, 293; Dan. on Neg. Inst., 1204.

2. On limitation: Rev. Stats., art. 3207; Dwyer v. Bassett, 63 Texas,
277; Rogers v. Broadnax, 24 Texas, 543; Bass v. James, 83 Texas, 110;
Cooper v. Lee, 75 Texas, 114; Smith v. Fly, 24 Texas, 354.

*J. F. Cooper,* for defendant in error.

BROWN, ASSOCIATE JUSTICE.—On the 15th day of August, 1882,
W. G. Eustis, the plaintiff in error, conveyed by deed with clauses of
general warranty, to E. E. Fosdick, the defendant in error, two sur-
veys of 1280 acres each, which surveys were not then patented, but
were subsequently patented to W. G. Eustis, assignee, in 1883. On
December 5, 1883, Fosdick conveyed to Jules Alvord, by deed with
clauses of general warranty, the south half of one of the 1280-acre sur-
veys conveyed to him by Eustis. For the two surveys Fosdick paid to
Eustis $1920, and for the one-half of one of the surveys Alvord paid
Fosdick $960.

On June 3, 1886, W. T. Waggoner brought suit in the District Court
to recover from E. E. Fosdick and Jules Alvord four sections of land
in Wilbarger County, embracing the same lands as that conveyed by
Eustis to Alvord. On November 17, 1886, Fosdick impleaded his war-
rantor, W. G. Eustis, and prayed judgment against him for the sum
of $1920. Alvord also prayed judgment against Fosdick upon his
warranty for $960.

Upon the trial of the cause Waggoner recovered the lands from Fos-
dick and Alvord, and Alvord recovered against Fosdick a judgment
for $960, the price paid by him for the land he purchased of Fosdick.
At the same time Fosdick recovered judgment against Eustis upon his

warranty for the sum of $1920, the full amount paid by him as the purchase price of the two 1280-acre tracts of land. The judgment did not make the issuing of execution in favor of Fosdick against Eustis for any part of the amount thereof depend upon his having satisfied the judgment in favor of Alvord against him. This judgment was affirmed by the Court of Civil Appeals, and W. G. Eustis sued out this writ of error, making E. E. Fosdick alone a party defendant thereto.

The grounds of the application for writ of error are as follows:

1. That it was error for the court to award execution in favor of E. E. Fosdick against W. G. Eustis for that portion represented by the amount recovered by Alvord against Fosdick on his warranty, until Fosdick had discharged the judgment so rendered against him upon said warranty.

2. That Fosdick's cause of action upon his warranty against Eustis was barred by limitation of four years.

The right of action in favor of Fosdick against the plaintiff in error was not barred by limitation. This question was properly disposed of by the Court of Civil Appeals, and needs no further discussion.

When Fosdick conveyed to Alvord a portion of the land which had been conveyed to him by the plaintiff in error, the warranty of Eustis to Fosdick passed to Alvord in proportion that the land he bought bore to the whole amount conveyed by the deed. Flaniken v. Neal, 67 Texas, 633.

Alvord had the right to sue Fosdick or Eustis upon the warranties contained in these deeds, or he might have sued each of them, but he could have but one satisfaction of his damages. Wilson v. Taylor, 9 Ohio St., 595; King v. Kerr, 5 Ohio, 154.

It was undoubtedly proper practice for Fosdick to vouch Eustis in as his warrantor in this suit, and it was proper to render a judgment in favor of Alvord against Fosdick, and in favor of Fosdick over against Eustis, under proper limitations, as hereafter stated.

As to that portion of the warranty contained in the deed from Eustis to Fosdick which applied to the land conveyed by the latter to Alvord, Fosdick could not maintain an action upon it until he had paid the damages to Alvord. That is, if Eustis had not been a party to this suit, upon rendition of judgment in favor of Alvord against Fosdick, the latter would not have been permitted to maintain an action against Eustis without satisfaction of that judgment. As before stated, the warranty as to that portion of the land passed to Alvord and right of action thereon vested in him. It could not revest in Fosdick until he had satisfied Alvord's claim for damages thereunder. Booth v. Starr, 1 Conn., 244; Withy v. Mumford, 5 Cow., 142; Wheeler v. Sohier, 3 Cush., 219; Barnett v. Barber, 1 Litt. (Ky.), 396.

The fact that Eustis was a party to this suit did not change the rights of the parties, but would enable the court to settle all of their rights in one proceeding. If Fosdick were allowed to recover absolutely against Eustis, without any condition of payment to Alvord, and it should

turn out that Fosdick was insolvent, he might by this judgment collect the amount from Eustis, fail to pay Alvord, and Alvord might then resort to a suit against Eustis upon the same warranty to recover damages for his eviction. Wheeler v. Sohier, supra. It was within the power of the court to adjust all of the rights of the parties, and to give them protection at the same time by entering a judgment in favor of Fosdick against Eustis for $1920, less the proportion of that sum which was paid for the land conveyed to Alvord; and also to enter judgment in favor of Fosdick against Eustis for the proportion of the price of the land conveyed to Alvord, with an award of execution upon the payment by Fosdick of the judgment in favor of Alvord against him.

The case of Pope v. Hays, 19 Texas, 375, is not in point as authority in this case. In that case, one partner had indemnified another against the payment of the debts of the firm, and it was held, that upon rendition of judgment for such debt a right of action accrued upon the bond of indemnity. But in such case the right of action upon the indemnity bond never passed from the person indemnified; it did not pass to the creditor of the firm, as in case of warranty, which runs with the land and passes to the grantee of the land. We have found some cases in which the court has loosely said that an intermediate warrantor may maintain an action against his immediate warrantor, when he has been sued and judgment entered against him in favor of the last warrantee in the chain of title. But we have found no case in which a recovery has been permitted where the intermediate warrantor was permitted to recover against a prior warrantor, until he had satisfied or procured a release from the person to whom he had conveyed, and who had a right of action upon the warranty.

The District Court erred in entering judgment against Eustis for the whole $1920, with award of execution unconditionally, and the Court of Civil Appeals erred in affirming the judgment. It is therefore ordered, that the judgments of the District Court and the Court of Civil Appeals be reversed as between the plaintiff in error, W. G. Eustis, and the defendant in error, E. E. Fosdick, and that judgment be here rendered in favor of E. E. Fosdick against W. G. Eustis for the sum of $1440, with interest at 6 per cent per annum from the date of the judgment of the District Court, and that execution be issued thereon by the clerk of the District Court; and it is further ordered, that E. E. Fosdick recover of W. G. Eustis the sum of $480, with 6 per cent interest per annum from the date of the judgment of the District Court, with a stay of execution until the judgment in favor of Jules Alvord against E. E. Fosdick be satisfied, whereupon the clerk of the District Court shall issue execution for this last amount.

It is ordered, that W. G. Eustis recover of E. E. Fosdick his costs in this court and the Court of Civil Appeals.

*Reversed and rendered.*

Delivered November 14, 1895.