McLEAN v. MOORE et al.

(Court of Civil Appeals of Texas. Austin.
March 6, 1912.)

1. BANKS AND BANKING (§ 281*) — "LIABIL-
ITY"—TIME OF ACCRUAL.

A covenant of warranty in a deed creates
a liability as of the date of the deed and not
as of the date of an eviction thereunder, and
hence persons who have assumed the liabilities
of a national bank on its voluntary liquidation
cannot·escape liability for breach of the bank's
warranty in a deed because the warranty was
not broken when the liabilities were assumed
(citing Words and Phrases, 4112).

[Ed. Note.—For other cases, see Banks and
Banking, Cent. Dig. §§ 1075–1079; Dec. Dig. §
281.*]

2. BANKS AND BANKING (§ 281*) — ASSUMP-
TION OF LIABILITIES BY STOCKHOLDERS.

That defendants, as·the sole stockholders
of a bank, took over all its property which ex-
ceeded in value the liabilities of the bank,
shows their responsibility under a covenant of
warranty made by the bank, regardless of any
agreement by·them with the bank to assume
its liabilities.

[Ed. Note.—For other cases, see Banks and
Banking, Cent. Dig. §§ 1075–1079; Dec. Dig.
§ 281.*]

3. CORPORATIONS (§ 225*)—STOCKHOLDERS—
LIABILITY.

On distribution of a corporation's assets
among its stockholders, the stockholders be-
come liable to the extent of the stock received
by them.

[Ed. Note.—For other cases, see Corpora-
tions, Cent. Dig. §§ 864, 865, 867–869, 871–873;
Dec. Dig. § 225.*]

4. BANKS AND BANKING (§ 248*)—NATIONAL
BANK — STOCKHOLDERS' LIABILITY—"CON-
TRACT"—"ENGAGEMENT."

A bank's covenant of warranty in a deed
is a "contract" and an "engagement" within
Rev. St. U. S. art. 515 (U. S. Comp. St. 1901, p.
3465), which makes the stockholders of a na-
tional bank liable for the bank's contracts,
debts, engagements, etc.

[Ed. Note.—For other cases, see Banks and
Banking, Cent. Dig. §§ 913–915, 919–931; Dec.
Dig. § 248.*

For other definitions, see Words and Phrases,
vol. 2, pp. 1513–1534; vol. 8, pp. 7615, 7616;
vol. 3, p. 2394.]

5. TRESPASS TO TRY TITLE (§ 28*)—WARRAN-
TIES—CROSS-ACTIONS.

The grantee under a warranty deed, on
being sued for the land, can vouch the grantor
into the suit and maintain against him a cross-
action on the warranty.

[Ed. Note.—For other cases, see Trespass to
Try Title, Cent. Dig. §§ 34, 35; Dec. Dig. §
28.*]

6. TRESPASS TO TRY TITLE (§ 32*) — PARTI-
TION.

A suit to recover an undivided one-third
interest in·land, plaintiff admitting that de-
fendant owned the remaining interest, was one
of trespass to try title, though, in addition to
seeking recovery of the one-third interest,
plaintiffs asked for a partition of that interest
when recovered.

[Ed. Note.—For other cases, see Trespass to
Try Title, Cent. Dig. §§ 39–41; Dec. Dig. §
32.*]

7. TRESPASS TO TRY TITLE (§ 47*) — RECOV-
ERY.

A cross-bill in trespass to try title against
the obligors on a warranty stating that defend-
ant paid $500 for the interest in the land ac-

quired by him, entitled him to judgment for
that amount with interest from the date of the
judgment on it appearing that plaintiff was en-
titled to recover in the main action; it not
appearing that defendant had been ousted from
the land.

[Ed. Note.—For other cases, see Trespass to
Try Title, Cent. Dig. §§ 69–71; Dec. Dig. §
47.*]

8. TRESPASS TO TRY TITLE (§ 47*) — PREJU-
DICE TO FURTHER ACTION.

Where, in trespass to try title, defendant's
cross-bill against the obligors of the covenant
of warranty under which he claims is dismiss-
ed as being insufficient to show his right to
recover, it is improper to provide in the judg-
ment that he take nothing by his suit against
the obligors, and that they go hence without
day, etc., judgment of dismissal on the cross-
action being proper so as not to prevent de-
fendant from subsequently suing on the war-
ranty.

[Ed. Note.—For other cases, see Trespass to
Try Title, Cent. Dig. §§ 69–71; Dec. Dig. §
47.*]

Appeal from 'District Court, Llano County;
Clarence Martin, Judge.

Action by one Stith against J. H. McLean,
who impleaded T. J. Moore and another.
From the judgment, McLean appeals. Re-
versed and remanded.

### Findings of Fact.

The Iron City Nationel Bank executed a
warranty deed to appellant for a one-third
undivided interest in a tract of land. Stith
et al. brought suit of trespass to try title
against appellant, and also for partition, al-
leging that appellant was the owner of the
other two-thirds interest. Appellant an-
swered by exceptions and general denial, and
impleaded T. J. and W. J. Moore on the
warranty of the Iron City National Bank
above referred to, alleging that, subsequent
to the date when said bank executed and
delivered to him said warranty deed, the
said T. J. and W. J. Moore, being the owners
of all of the capital stock of said bank, de-
cided that said bank would go into voluntary
liquidation; that at a meeting of the di-
rectors of said bank, duly called and held
for that purpose, it was decided that said
bank should go into voluntary liquidation,
and that said bank should, in consideration
of the surrender by the said Moores of all
of the bank's capital stock, and the assump-
tion by them of all of its liabilities, deed and
convey to them all of its property. That said
deed was executed by the proper officers of
said bank in pursuance of said agreement,
and delivered to and accepted by the said
Moores, conveying to them all of the prop-
erty of said bank, both real and personal,
exceeding in value by many thousands of
dollars the total liabilities of said corpo-
ration.

The Moores excepted to the cross-action
of appellant, as will more fully appear in
the opinion herein. The case was tried by
the court without a jury. It was agreed by
both appellant and the Moores that appel-

lant's title to the one-third interest in the land sued for, conveyed in the warranty deed from said bank, had failed, and that plaintiff was entitled to recover said land, and thereupon, by agreement of all parties, judgment was rendered against appellant for said interest in said land, without prejudice to his right to prosecute his cross-action on said warranty against T. J. and W. J. Moore. The court thereupon heard the pleadings on the cross-action between the defendant McLean and defendants T. J. and W. J. Moore, and in all things sustained the first, second, and third special exceptions of said defendants T. J. and W. J. Moore to said cross-action of defendant McLean, and, the defendant McLean having thereupon declined to amend his pleading, the court "further ordered, adjudged, and decreed that he take nothing by his said suit against said defendants T. J. Moore·and W. J. Moore, and that said defendants go hence without day and recover of J. H. McLean their costs in this behalf expended, to which judgment sustaining said exceptions the defendant J. H. McLean then and there in open court excepted and gave notice of appeal to the Court of Civil Appeals for the Third Supreme Judicial District of Texas," and here now prosecutes said appeal upon his assignments as hereinafter indicated.

Gregory, Batts & Brooks, for appellant.

JENKINS, J. (after stating the facts as above). [1] 1. The first assignment of error raises the issue as to whether or not the allegation that appellees T. J. and W. J. Moore assumed all of the liabilities of the Iron City National Bank showed a good cause of action when taken in connection with the other allegations in said petition. The contention of appellees is that, inasmuch as the warranty of said bank was not broken at the time the appellees assumed its liabilities, the amount due on said warranty had not then become a liability of said bank, and did not become such liability until the warranty was broken. With this contention we cannot agree. Benge v. Bowling (Ky.) 51 S. W. 151; Hyatt v. Anderson (Ky.) 74 S. W. 1094; Cochran v. U. S., 157 U. S. 286, 15 Sup. Ct. 628, 39 L. Ed. 704; State v. Sheets, 26 Utah, 105, 72 Pac. 334; White v. Green, 105 Iowa, 176, 74 N. W. 628; Reynolds v. Waterville, 92 Me. 292, 42 Atl. 553; Cyc. vol. 25, p. 223; Words & Phrases, vol. 5, p. 4112. In Benge v. Bowling, supra, the Supreme Court of Kentucky held that a covenant of warranty in a deed creates a liability as of the date of the deed, and not as of the date of the eviction; A legal obligation to pay a sum of money ascertained or capable of ascertainment, upon a contingency which may or may not happen, is a liability.

[2] 2. It being alleged that the Moores were the sole stockholders of the Iron City National Bank, and that they had, prior to the institution of this suit, taken over all of the property of said bank, and that said property far exceeded in value all of said bank's liabilities, such allegations were sufficient to show that the Moores were responsible upon the bank's warranty, without reference to their agreement made with said bank to assume all of its liabilities. Mining Co. v. Reinhard, 114 Mo. 219, 21 S. W. 488, 35 Am. St. Rep. 746; Hall v. Henderson, 126 Ala. 449, 28 South. 531, 61 L. R. A. 621, 85 Am. St. Rep. 53; Singer v. Hutchinson, 183 Ill. 606, 56 N. E. 388, 75 Am. St. Rep. 133; Commercial, etc., Bank v. Burch, 141 Ill. 519, 31 N. E. 420, 33 Am. St. Rep. 331; Bartlett v. Drew, 57 N. Y. 587; In re Brockway, etc., Co., 89 Me. 121, 35 Atl. 1012, 56 Am. St. Rep. 401; Buck v. Ross, 68 Conn. 29, 35 Atl. 763, 57 Am. St.·Rep. 60; Moffatt v. Smith, 101 Fed. 771, 41 C. C. A. 671; Clark & Marshall, Private Corporations, vol. 3, § 778.

[3] A corporation cannot escape its liabilities by distributing its assets among its stockholders. In such case the stockholders become liable to the extent of the stock received by them.

[4] 3. As the Iron City National Bank was a banking corporation, created under the national banking laws, we think the Moores would be liable on the warranty of said bank by virtue of the national bank act. Article 5151, Rev. Stat. (U. S. Comp. St. 1901, p. 3465), provides that: "The shareholders of every national banking association shall be held individually liable, equally and ratably, and not the one for another, for all contracts, debts, and engagements of such association, to the extent of the amount of their stock therein at the par value thereof, in addition to the amount invested in such shares." It is alleged that the Moores were the sole owners of all the stock of said bank, and, while the amount of such stock is not shown, we know, as a matter of law, that it must have exceeded $500, the amount claimed by reason of the breach of said warranty. Such warranty was a "contract" and an "engagement" of said bank.

[5] 4. When a vendee is sued for land which has been conveyed to him by warranty deed, he has the right to vouch his grantor into the suit and to maintain against such grantor a cross-action on the warranty contained in the deed. The allegations of appellant's cross-action were sufficient, if true, to entitle him to a judgment against the appellees. Rev. Civ. Stat. art. 5252; Kirby v. Estill, 75 Tex. 487, 12 S. W. 807; Norton v. Collins, 1 Tex. Civ. App. 275, 20 S. W. 1113; McCreary v. Douglass, 5 Tex. Civ. App. 494, 24 S. W. 367.

[6] The objection that this is a partition suit is not well taken in this case, if it could be in any case. The plaintiff had alleged that appellant herein was the owner of a two-thirds undivided interest in the land sued for, and the suit was to recover the other undivided one-third interest. This made it in

fact, as in form, a suit of trespass to try title; and it is immaterial that, in addition to seeking to recover the one-third interest, plaintiffs also asked for a partition of said interest when so recovered as against appellant herein, who was admitted to own the other two-thirds interest.

[7] 5. The exception to appellant's cross-action that the allegations therein did not furnish sufficient data upon which a judgment could be based should have been overruled. Said cross-bill alleged that appellant paid $500 for the land purchased from the bank, and, inasmuch as it did not appear that he had been ousted from said land, he was entitled, upon said allegation being proven, to recover the sum of $500, with interest from the date of the judgment.

[8] 6. Appellant assigns as error the judgment of the court "that he take nothing by his said suit against said defendants T. J. Moore and W. J. Moore, and that said defendants go hence without day, and recover of the defendant J. H. McLean their costs in this behalf expended." Had there been no other error, we would have sustained this objection and reformed the judgment so as to make it a judgment of dismissal in so far as said cross-action is concerned instead of the one rendered, the effect of which, if allowed to stand, would be to prevent said McLean from hereafter instituting suit against appellees on said warranty.

If the exceptions to plaintiff's cross-action were rightfully sustained by the court, then, in effect, appellant has never sued the Moores on said warranty, and he should not have been barred by judgment herein from doing so in the future, if he has any cause of action against them.

For the errors herein indicated, the judgment of the trial court is reversed, and this case is remanded.

Reversed and remanded.