### BONZER et al. v. GARRETT.

(Court of Civil Appeals of Texas. San Antonio. Dec. 17, 1913. On Motion for Rehearing, Jan. 14, 1914.)

1. COVENANTS (§ 78*)—ACTIONS ON WARRANTIES—RIGHT OF ACTION.

Where the county opened up a road on land purchased by plaintiff, after he had sold it, any right of action existing on warranties in plaintiff's deed violated by the opening up of the road was not held by plaintiff.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 77; Dec. Dig. § 78.*]

2. VENDOR AND PURCHASER (§ 165*) — DEFICIENCY IN ACREAGE—RIGHT OF ACTION.

The existence of a public land across land sold would not authorize a recovery by the grantee as for a deficiency in acreage.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 329, 329½; Dec. Dig. § 165.*]

3. FRAUD (§§ 20, 25*) — FALSE REPRESENTATIONS—RELIANCE.

To recover for false representations, plaintiff must have relied thereon and been deceived by them to his injury.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 17, 18, 24; Dec. Dig. §§ 20, 25.*]

4. FRAUD (§ 59*) — MISREPRESENTATIONS — MEASURE OF DAMAGES.

The measure of damages for fraudulent representations that there was no road over the land sold would not be the purchase price per acre paid for the land.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 60–62, 64; Dec. Dig. § 59.*]

5. CONTRACTS (§ 47*)—ENFORCEABILITY—NECESSITY OF CONSIDERATION.

Where, after the execution of a contract for the sale of land, the purchaser complained of his bargain being a hard one, and asked that he be allowed to have the rents of the property until the closing of the transaction, to which the seller assented, the agreement was without consideration and not enforceable.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 220, 221, 256–258; Dec. Dig. § 47.*]

#### On Motion for Rehearing.

6. APPEAL AND ERROR (§ 1178*)—DISPOSITION —RETURN.

Where an action was brought as one to recover for a deficiency in acreage of land contracted to be sold by reason of the existence of a road on the land, upon reversing a judgment for plaintiff for failure to sustain the action on that ground, the Court of Civil Appeals will not return the case to permit amendment of the petition to allege an action for fraudulent representations that the road had been abandoned; the petition not having alleged even defectively a cause of action on the theory of fraud.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4604–4620; Dec. Dig. § 1178.*]

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by J. E. Garrett against A. F. Bonzer and others. From a judgment for plaintiff, defendants appeal. Reversed and rendered.

Purcell & Divet, of Wahpeton, N. D., and David M. Picton, Jr., and McDonald, Kleberg & Stayton, all of Corpus Christi, for appellants. G. R. Scott, Boone & Pope, and J. A. Cohn, all of Corpus Christi, for appellee.

MOURSUND, J. Appellee, plaintiff below, in his amended petition upon which the case went to trial, alleged: That about November 10, 1910, he entered into a written contract with J. L. Mathews, A. F. Bonzer, Anton Wohlwand, Frank Jahoda, and J. A. Cotchian, defendants, for the purchase of 8 fractional sections of land, 11 entire sections, the unsold portion of a fractional section, and the unsold portion of a section, all out of Roberts & White subdivision of the Hoffman Pelronella ranch, as appears from map of said subdivision filed in the county clerk's office of Nueces county, "and in said written contract plaintiff contracted to purchase said lands for certain prices and upon certain conditions and stipulations and agreements of payment of the purchase money, as are more fully set out in said contract"; that December 17, 1910, a supplemental contract was entered into by the parties, amending the terms and conditions of the contract; that on March 13, 1911, a second supplemental contract was made; that, in addition, plaintiff made an oral agreement with defendants, represented by J. L. Mathews, which was to be no part of said written contract, by which defendants promised and agreed to pay plaintiff all the rents to be collected for the use of said lands by Richard King from February 1, 1911, to July 1, 1911, at which time said written contract and supplements were to be fully performed; that said rent aggregated $95, and was collected and appropriated by defendants; that defendants have collected from plaintiff $23.60 interest in excess of that to which they were entitled upon the money paid as cash payment upon section 19; that defendants collected from plaintiff excess interest amounting to $100.75, the same being charged upon purchase money for sections 4, 5, and 11; "that plaintiff in keeping with his contracts sold sections 9, 10, and 11 of said lands to various purchasers, and defendants in all things warranted the title to said respective sections to the plaintiff as containing respectively 640 acres each, but, subsequent to the purchase of said lands and delivery of deeds thereto, the county of Nueces, through its officers asserted title to a strip of land across said sections 3 miles in length and 60 feet wide, which said county claimed to have been dedicated as a public road, and in all things appropriated said strip and holds possession thereof, claiming title thereto by ded-

---

ication and prescription, has deprived this plaintiff and his assigns of the title and possession of said strip of land, although defendants in all things warranted the title and possession to said strip of lands to this plaintiff and his assigns, and in all things contracted and agreed that said strip of land used for a county road had in all things been discontinued for the purposes for which it was originally laid out, and, under and according and by reason of said warranty and agreement on the part of defendants, plaintiff paid to defendants the sum of $26.50 per acre for said strip of land, aggregating the sum of $569.75;" that plaintiff, by reason of the premises, was entitled to deduct the said sums, aggregating $789.10, but was compelled to pay same to protect himself from damage, and is entitled to recover the same from defendants, with interest from September 12, 1911.

Defendants answered by general demurrer, general denial, and set out the contracts in full, and pleaded that under the contracts, at plaintiff's request, the deed to section 11 was made to plaintiff, and that to sections 9 and 10 was made to parties designated by plaintiff, and he received pay for the full acreage thereof, wherefore plaintiff has not been damaged by any breach of warranty, if any there may have been, or by any promises or representations as to acreage of said sections, or as to the existence of the road, and that, if defendants are liable at all, they are liable to the parties to whom said lands were deeded and warranted.

The court overruled the general demurrer, and rendered judgment against plaintiff upon the interest items, and for plaintiff for the rent and the amount claimed by reason of the road across the three sections. Defendants appealed.

By the first assignment of error, appellants contend the court erred in concluding, as a matter of law, that plaintiff should recover for the strip of land across sections 9, 10, and 11, because the proof showed that, if any one could recover therefor, it would be plaintiff's father and uncle, and not plaintiff, and because there was no proof that a county road was across said sections when defendants contracted with regard to the same.

The first supplemental contract provided that deeds to sections 9 and 10 should be made to R. G. Garrett, plaintiff's father. This was done, and he owned the same at the time of the trial. Section 11 was conveyed to plaintiff, and by general warranty deed conveyed by him to his uncle who owned the same at the time of the trial.

[1] Appellee testified that after he sold to his purchasers the county came in and opened up the road. It is clear that whatever right of action may exist upon the warranties expressed in the deed or implied by our statute was not held by appellee. Eustis v. Fostick, 88 Tex. 615, 32 S. W. 872; Taylor v. Lane, 18 Tex. Civ. App. 548, 45 S. W. 317; Hollingsworth v. Mexia, 14 Tex. Civ. App. 369, 37 S. W. 455; Penney v. Woody, 147 S. W. 873.

[2] Appellees contend that this is a suit to recover on a contract for the sale of land by the acre for a deficiency in acreage, citing us to the case of Bennett v. Latham, 18 Tex. Civ. App. 403, 45 S. W. 934, and other cases. No case is cited wherein it has been held that the existence of a public road across a section of land would authorize a recovery for a deficiency in acreage. If there was a road by prescription across the land, nevertheless the fee passed by the deeds. The land would then be burdened with an easement, which is recognized by many courts as an incumbrance. Elliott on Roads and Streets (3d Ed.) §§ 921, 922; Maupin on Marketable Title to Real Estate (2d Ed.) p. 301, 377, 775. No case is made by appellees on the theory of a deficiency in acreage.

[3] The court found that appellees had made fraudulent representations to the effect that the road had been abandoned and discontinued by the county. The petition fails to allege a cause of action upon the theory of fraud, for it merely alleges that defendants warranted the title and possession of said strip of land to plaintiff, and in all things contracted and agreed that said strip of land used for a county road had been in all things discontinued, and by reason of said warranty and agreement plaintiff paid defendants $26.50 per acre for the land. No such agreement appears in any of the written contracts, nor is there any evidence of any verbal agreement to that effect, but merely that statements of that kind had been made by defendants and their agent. There is no allegation that the representations claimed to be false were relied upon by plaintiff and that he was deceived thereby. Luckie v. McGlasson, 22 Tex. 285; Carson v. Kelley & Swett, 57 Tex. 379; McCreary v. Douglass, 5 Tex. Civ. App. 495, 24 S. W. 367.

[4] Had the petition alleged a cause of action based upon fraud, the measure of damages would not be the purchase price per acre paid for the land.

We find no theory upon which the judgment of the court under the pleadings and evidence, can be sustained, and conclude that as to this item the judgment should be reversed and here rendered for appellants. The court also erred in finding the evidence sufficient to establish a road by prescription over the three sections. No witness testified who had any knowledge concerning the road for a period of more than about three years prior to the suit, though one of them described it as an old road when he saw it; there was no proof of any facts which would put the owners upon notice that a public road was being claimed either by the public or the county, except its being graded, which,

according to the testimony of one of the appellants, occurred some time in 1909, and, according to appellee's testimony, occurred after the conveyances were made by appellants. Hall v. City of Austin, 20 Tex. Civ. App. 65, 48 S. W. 53. Nor was there any effort made to prove that the owners were not under legal disabilities during the time necessary to establish a prescriptive right. Wright & Vaughn v. Fanning, 86 S. W. 786; Evans v. Scott, 37 Tex. Civ. App. 373, 83 S. W. 874. There was no evidence of such use and possession as would warrant a claim of 60 feet in width, had the requisites to establish title by prescription been shown. The error in finding the evidence sufficient to show a road by prescription would require a reversal of the judgment, but not its rendition for appellants.

[5] By the eighth assignment, it is contended that the court erred in allowing plaintiff a recovery of the item for rents because there was no obligation resting upon appellants to pay same to appellee, for the reason that the agreement to do so was without consideration. Appellee testified that the second or third contract was made "subject to the rents," and no further mention was made about the rents until after this second supplemental contract was made. It was then he had the conversation with Mathews about the rents. Mathews testified the conversation took place while he was gathering up his papers preparatory to leaving, and within two minutes after making the contract. Wakefield testified the conversation occurred after the contract had been signed; that Garrett contended the deal had been closed and he was paying 10 per cent. on the money, and should have the revenues, and Mathews reluctantly agreed; that witness and Garrett discussed the matter before the contract was signed, but decided it was best not to bring it in until the contract was closed. The contract had been made, and it is clear that the verbal agreement to pay the rents to appellee was not made as an inducement for appellee to enter into the contract. Appellee had not breached the contract, and he did not agree to pay anything or do anything that he was not already bound to the performance of by his contract. The promise was without consideration to support it, and appellants' contention must be sustained as to this item. Beach on Modern Law of Contracts, §§ 6, 165; Brin v. McGregor, 45 S. W. 923.

As appellants are entitled to judgment upon both items allowed by the court, the judgment of the trial court is reversed, and judgment rendered that appellee take nothing by his suit, and that appellants recover of him the costs of both courts.

Reversed and rendered.

## On Motion for Rehearing.

Appellee, while still contending for an affirmance, earnestly insists that, if the judgment be reversed, this court should not render judgment, but should remand the case. The contention is again made that the suit was not upon a warranty, but for a deficiency in acreage, and it is sought to combine the ideas of deficiency and fraud or misrepresentation, and thus evolve a defense supporting the judgment of the court. This theory is advanced in an effort to meet our holding that no cause of action for a deficiency in acreage was alleged or established, and no cause of action for fraud was alleged. We are fully convinced that there is no cause of action for a deficiency in acreage, and that appellee's remedy, if he has been wronged, is by an action for misrepresentation amounting to fraud, and in such case his damages would be measured by the amount that the value of the land purchased by him was diminished by reason of the existence of the road, if it be a public road. Appellee cites the case of Kevil Sons v. Wilford, Stunston & Co. (Ky.) 104 S. W. 348, as holding that the measure of damages in such a case would be the value of the land over which a highway lies. In that case the petition sought to recover on account of fraudulent representations to the effect that there were no streets over the land, the sum in which the value of the property was diminished by reason of certain streets across it, and a demurrer was sustained. This was held to constitute error, and, in discussing the matter, the court states that it is difficult to see why the appellee should have been allowed to retain that part of the purchase money representing the value of the land occupied by the highways. We do not understand that the court, by such expression, sought to establish a rule respecting the measure of damages, especially as it cited with approval the case of Butt v. Riffe, 78 Ky. 352, as holding that, where an adverse easement existed (being a private right of way), the vendor could recover the value that the property was diminished by reason of such incumbrance.

[6] Had appellee alleged even defectively a cause of action upon the theory of misrepresentation amounting to fraud, we would, of course, reverse the judgment, as the law fixes the measure of damages, but the petition alleges an express contract and agreement that the road had been discontinued, and there is no evidence to that effect, nor any pretense that the same can be obtained, and there is no allegation that any representation to that effect was made, that it was relied upon by plaintiff and deceived him, or that he would not have bought had the same not been made.

Appellee is not entitled to have this case remanded in order that by amendment he may change the same to a suit based upon a different cause of action. In our opinion, this suit should end here, and, if appellee is entitled to recover on the theory of fraud, he should bring a suit upon that theory.

The motion is overruled.