JANES et al. v. STRATTON et al. (No. 5833.)

(Court of Civil Appeals of Texas. Austin. Feb. 6, 1918. On Motion for Rehearing, May 1, 1918.)

1. DEEDS ⊜⟶120—EFFECT.
A deed, if not voidable on account of fraud, conveyed whatever interest, legal or equitable, the grantor had in the premises.

2. DEEDS ⊜⟶70(1)—FRAUD—MISREPRESENTATION.
To cancel a deed or other contract on the ground of fraud, there must have been false representation of a material fact, which must have been believed to be true by the party deceived, who must have relied on the representation.

3. PLEADING ⚏214(1) — DEMURRER—ADMIS-
SIONS.

Where, in cross-action, allegations of plain-
tiff's petition are adopted, the allegations must
be taken as true on general demurrer.

4. HUSBAND AND WIFE ⚏273(1)—COMMU-
NITY PROPERTY — DESCENT — HOMESTEAD
RIGHTS.

On death of a husband, a half interest in
the community property of himself and wife
descended to the nine children of the husband,
subject to the homestead rights of the wife and
her minor son.

5. DEEDS ⚏64—NECESSITY FOR ACCEPTANCE.

If a deed was never accepted by the grantee,
it did not convey the grantor's interest to her.

6. DEEDS ⚏8—FORGERY.

If a deed was a forgery, it conveyed no in-
terest.

7. HUSBAND AND WIFE ⚏249—COMMUNITY
PROPERTY—ACQUISITION BY HUSBAND.

Where a married man acquired realty by
deed, the property became the community of
himself and his wife.

8. HUSBAND AND WIFE ⚏273(10) — COMMU-
NITY PROPERTY — CONVEYANCES BY WIFE
AND OTHERS—CHILDRENS' INTEREST.

Deeds executed by a widow in her own be-
half and as survivor of the community estate,
and by others, did not convey the interest of
the minor children of the deceased husband, if
they had any, aside from his community in-
terest.

9. HOMESTEAD ⚏128 — CONVEYANCES BY
HUSBAND ALONE.

If land was the homestead of a husband at
the time of several conveyances from him, and
such conveyances were intended as mortgages,
and all the grantees had notice of the facts
when they acquired their several interests, the
conveyances were void.

On Motion for Rehearing.

10. DEEDS ⚏196(2)—FRAUD—PLEADING.

In a widow's suit in the form of trespass to
try title, to remove cloud from her title, and, in
the alternative, to enforce her alleged equitable
vendor's lien, the petition, which alleged that
she deeded away the land under representations
and belief that certain fraudulent pretended
deeds, mortgages, and transfers, previously set
forth, were all valid debts and liens, and that,
if she had known the true circumstances, she
would not have signed her deed, sufficiently al-
leged fraud, avoiding her deed and giving her a
cause of action.

Appeal from District Court, McLennan
County; J. W. Cocke, Special Judge.

Suit by Mrs. Juliana Janes against Mrs.
K. T. Stratton and others, and the minor
children of Dan Janes, deceased; the children
filing a cross-action. From judgment sus-
taining demurrers to the petition and cross-
action, petitioner and cross-petitioners ap-
peal. Reversed, and cause remanded for new
trial.

James E. Yeager, of Waco, for appellant
Juliana H. Janes. Jas. R. Jenkins, of Waco,
for minor appellants. Jas. D. Williamson, J.
N. Gallagher, W. B. Carrington, T. G. Dil-
worth, and Bebout & Penland, all of Waco,
for appellees.

JENKINS, J. Appellant Mrs. Juliana Janes
brought suit against appellees and appel-
lants, the minor children of Dan Janes, de-
ceased, in the form of trespass to try title
to certain property in the city of Waco, and
to remove cloud from her title, and in the al-
ternative to enforce her alleged equitable
vendor's lien against said property. She al-
leged in substance that the lots were former-
ly the community property of herself and
her deceased husband, who at his death left
surviving him appellant Juliana Janes, his
wife, and nine children, one of whom, Jessie
Janes, was at the time a minor; that she and
said minor then residing on said property as
their homestead; that being without means
of support, she executed to one of her sons,
Dan Janes, a deed to said lots on July 13,
1907, for the consideration recited in said
deed of $1, and that he would support her
during her lifetime, and support and educate
her minor son until he arrived at the age of
21 years; that four of the other children for
a like consideration executed deeds to Dan
Janes for their interest in said property;
and that the other three executed deeds to
him for their interest for an alleged money
consideration; that Dan Janes and his wife,
Regina Janes, immediately moved into the
house with her, and that they and she con-
tinued to occupy the same as their homestead
until the death of Dan Janes, February 10,
1912, and until she was unlawfully dispos-
sessed of same on July 8, 1912.

She alleged that Dan Janes, for the pur-
pose of fraudulently obtaining relief from
his obligation to support her and her minor
son, on October 5, 1907, joined by his wife,
executed a deed to her for said land for the
recited consideration of $1, and love and af-
fection, and the cancellation of said agree-
ment to support her and her minor son, and
procured said deed to be recorded in the deed
records of McLennan county March 4, 1908.
She alleges that said deed was never deliver-
ed to her, that she never accepted the same,
and had no knowledge of its execution until
a short time before the filing of this suit.
She alleges that Dan Janes, on October 16,
1907, forged her name to a deed to himself
for said lots. She then alleges that for the
purpose of borrowing money on said lots in
violation of the law which forbids the mort-
gaging of a homestead, Dan Janes executed
certain deeds to said lots, pretending to take
vendor's lien notes, but that such deeds were
in fact mortgages, and the holders of said
notes took them with knowledge of such
facts.

If the transactions had stopped here, there
would have been merit in appellant's claim.
But she further alleges that after the death
of Dan Janes, his wife, Regina Janes, quali-
fied as the survivor of the community es-
tate of herself and her deceased husband,
and that the disability of Jessie Janes' mi-
nority was removed by the district court of
McLennan county, and thereafter, on July
8, 1912, Regina Janes, for herself and as sur-

vivor of the community estate of herself and her deceased husband, and Jesse Janes for himself, executed deeds to said property to Mrs. K. T. Stratton, the consideration to be paid to Regina Janes being $850; that upon learning said fact appellant went to the office of S. E. Stratton, husband of K. T. Stratton, to whom Regina had executed said deed, and was informed by S. E. Stratton that there was large indebtedness against said property, which appears from the allegations of her petition to have been true, though she alleges such indebtedness was not enforceable against said property by reason of the homestead rights of herself and of Dan Janes and his wife; that she then and there declared such indebtedness to be fraudulent, but that she accepted from Stratton $85 of the money that was to be paid to Regina Janes, and executed a deed to Mrs. Stratton.

[1] The court sustained a general demurrer to the petition of appellant Juliana Janes. In this there was no error. It is useless to consider what would have been her rights in the premises if she had not executed the deed to Mrs. Stratton. That deed, if not voidable on account of fraud, conveyed whatever interest, legal or equitable, she had in the premises.

[2] In order to cancel a deed or other contract on the ground of fraud, three things must concur, viz.: (1) False representation of a material fact; (2) the representations must have been believed to have been true by the party deceived; and (3) he must have relied upon said representations. Cresap v. Manor, 63 Tex. 485; Calhoun v. Quinn, 21 S. W. 705; Bonzer v. Garrett, 162 S. W. 934; Luckie v. McGlasson, 22 Tex. 285; Carson v. Kelley, 57 Tex. 379; Webb v. Harris, 1 White & W. Civ. Cas. Ct. App. § 1289.

According to the allegations of appellants' petition, the statement by Stratton that there was a large indebtedness against the land was true. It is only by intendment, if at all, that she alleges that Stratton represented that such indebtedness was legally binding on the land. If such representation had been made, it would be no ground for avoiding her deed, as she does not allege that she was deceived thereby, or relied upon the same. On the contrary, she alleges that she then knew, and so stated to Stratton, that the said indebtedness was fraudulent, but that she accepted the $85, and executed said deed, because she thought it was the best she could do. The demurrer to the petition of appellant Juliana Janes having been properly sustained, and she having declined to further amend, the judgment as to her is affirmed.

[3-9] The trial court also sustained a general demurrer to the cross-action of the minor children of Dan Janes, deceased. In this we think there was error. The guardian ad litem of the minors adopted the allegations in plaintiff's petition. If these allegations are true, as they must be taken to be

for the purpose of the demurrer, the property in question was the community property of Juliana Janes and her deceased husband; and upon his death a half interest therein descended to the nine children of the deceased husband, subject to the homestead rights of Juliana Janes and her minor son. Dan Janes was one of the children, and inherited, as his separate property, one-eighteenth thereof. If the deed from Dan Janes was never accepted by Juliana Janes, it did not convey his interest; and if the deed from Juliana Janes back to Dan Janes was a forgery, it conveyed no interest. Excluding these two deeds, Dan Janes, by virtue of the deed from his mother and from seven of his brothers and sisters, became the owner of his mother's community interest, and of seven-ninths of his father's interest, subject to the support of his mother and minor brother. Dan Janes being a married man at the time these deeds were executed, the property thus acquired was community of himself and his wife, Regina Janes, and the same was conveyed to Mrs. Stratton by Regina Janes, who executed said deed in her own behalf and as survivor of the community estate of herself and her deceased husband, Dan Janes. The deed from Jessie Janes and the deed from Juliana Janes to Mrs. Stratton conveyed their interest. None of these deeds, however, conveyed the interest of the minor children of Dan Janes, if any they had, aside from the community interest of their father. If it be true, as alleged, that the property was the homestead of Dan Janes at the time of the several alleged conveyances from him, and that these conveyances were intended as mortgages, and that all of the other defendants had notice of such facts at the time they acquired their several interests, such conveyances were void; and as none of the other conveyances purported to convey Dan Janes' separate interest in said property, his minor children, appellants herein, were entitled to recover such interest on their cross-action.

For the reasons stated, the judgment of the trial court sustaining the demurrer to the cross-action of said minors is reversed, and this cause is remanded for a new trial in accordance with this opinion.

Affirmed in part, and in part reversed and remanded.

### On Motion for Rehearing.

[10] Upon a former day of the present term, we affirmed the judgment herein as to all of the appellants, except the minors. As to appellant Juliana Janes, our opinion was based upon the fact that her petition, as we construed it, did not contain sufficient allegations as to fraud. The allegations as to fraud in obtaining the deed from her to K. T. Stratton, as well as to the transactions leading up to the same, are numerous and emphatic in some portions of her peti-

tion, but we thought that they were neutralized by other portions thereof. In this we have concluded that we were in error. In paragraph 30 of appellant's petition she alleges that:

"She had no knowledge of any of the said fraudulent pretended deeds, mortgages, and transfers [which were set forth with great particularity in previous portions of her petition], or their meaning, until just before filing this suit, as aforesaid, and that she signed the Stratton deed under the representations and belief that they were all valid debts and liens [which is denied in other portions of her petition], but if she had known the true circumstances, she would not have signed such deed."

While the petition is very lengthy and somewhat involved, after a careful review of the same we think the trial court erred in sustaining the general demurrer thereto. We think it better that all of the issues herein should be tried together, for which reason our former judgment herein is set aside, and the judgment of the trial court is here reversed as an entirety, and this cause is remanded for a new trial.

Reversed and remanded.