<hr />

## In re S. P. SMITH LUMBER CO.

### In re MENEFEE.

(District Court, N. D. Texas. September 22, 1904.)

#### No. 318.

1. BANKRUPTCY—PROVABLE DEBTS—NOTES OF CORPORATION GIVEN IN PAYMENT FOR ITS OWN STOCK.

A corporation has no power to purchase shares of its own stock, where the transaction renders it insolvent, and in consequence operates as a fraud on its creditors; and notes given by it in such case for a part of the purchase price are invalid, and cannot be proved against its estate in bankruptcy by the selling stockholder.

In Bankruptcy. In re claim of O. R. Menefee. On certificate from referee.

Stanley, Spoonts & Thompson, for claimant.
Tarleton & Ayers, for trustee.

MEEK, District Judge. On petition of its creditors, the S. P. Smith Lumber Company was duly adjudged bankrupt September 15, 1903. O. R. Menefee filed his claim for $9,050 against the bankruptcy estate, which, upon objection of the trustee, and after hearing, was disallowed by the referee. The claim is based on two promissory notes executed by the bankrupt in favor of claimant, one for $4,550 and one for $4,500. Claimant seeks a review of the action of the referee.

The S. P. Smith Lumber Company was incorporated for the purpose of buying and selling at wholesale and retail all kinds of lumber and all other character of manufactured building material. Prior to August 12, 1903, S. P. Smith and the claimant, Menefee, owned substantially all the shares of the capital stock of the corporation, it being capitalized for $40,000, and Menefee owning 200 shares of the par value of $100 each. The directors of the corporation were Smith, Menefee, and one other person holding a qualifying share. On the date named the affairs of the company were in an unsatisfactory and precarious condition. It was heavily in debt, and many of its assets were of doubtful value. A statement drawn from its books, setting forth its condition as it there appeared, shows it to have been solvent, but it was barely so. Smith testifies that Menefee was anxious to dispose of his interest in the company, and insisted that he (Smith) should buy him out; that as one means to accomplish his purpose and sell his shares he threatened Smith with a receiver. The situation was relieved by Smith buying him out "to get rid of him" in the following manner: On August 12, 1903, O. R. Menefee transferred to S. P. Smith his 200 shares of the capital stock of the S. P. Smith Lumber Company, and received as consideration therefor two promissory notes aggregating $9,050, executed by the S. P. Smith Lumber Company and S. P.

Smith (same being basis of the present claim); an order for $5,000 drawn by O. R. Menefee on the lumber company in favor of one Tomlinson on August 12, 1903, and accepted by the company on the same day; the assumption of an accommodation acceptance or note for $2,950 by the company, and $3,000 in cash paid by the company. The entire consideration paid for the Menefee shares of stock was advanced by the bankrupt lumber company. This transaction caused its insolvency, and resulted in these proceedings. The claimant now seeks to have the promissory notes given in part consideration for his shares and signed by the bankrupt and S. P. Smith, proved as a claim against the bankrupt estate.

The Menefee shares were transferred to S. P. Smith, but the consideration for the transfer flowed from the company. In view of this fact the transaction was no doubt, in effect, a purchase by the company of its own shares. It was also, in effect, the withdrawal by Menefee of his portion of the capital stock of the company, leaving its obligations and debts unpaid. Clapp et al., Exr's, v. Peterson, 104 Ill. 26. In the United States, I take it, the weight of authority upholds the right of a corporation, in the absence of statutory prohibition, to become the purchaser of shares of its own capital stock. New England Trust Company v. Abbott, 162 Mass. 148, 38 N. E. 432, 27 L. R. A. 271; Chicago Street Railroad v. Marsailles, 84 Ill. 145; Cook on Corp. (4th Ed.) § 311. But the courts which have most distinctly announced and upheld this doctrine have most definitely held to and rigidly enforced the collateral principle that a corporation cannot become such purchaser when it results in a fraud upon the rights of or injury, or loss to the creditors of the corporation. Clapp et al., Ex'rs, v. Peterson, 104 Ill. 26; Com. Nat. Bank v. Burch, 141 Ill. 519, 31 N. E. 420, 33 Am. St. Rep. 331; Buck v. Ross, 68 Conn. 29, 35 Atl. 763, 57 Am. St. Rep. 60; Cook on Corp. (4th Ed.) § 311. The danger of fraud being perpetrated upon or of injury and loss resulting to creditors was one of the potent reasons moving the courts of England to establish and adhere to the rule that a corporation cannot become the purchaser of its own shares of stock. Trevor v. Whitworth, L. R. 12 App. Cas. 409 (H. L. 1887); Cook on Corporations (4th Ed.) § 309. In view of the contrary doctrine obtaining in most of the courts of this country, the safety of the creditors of a corporation lies in the recognition and enforcement of the collateral principle above set forth. Were it not for the existence of this principle, creditors of corporations would occupy a most hazardous and perilous position.

In event of the dissolution of a corporation the shareholders are only entitled to their aliquot part of the capital remaining after all debts are paid. Menefee, by his sale to Smith, withdrew from the company, ahead of all creditors, a substantial part of the consideration for his shares in cash and property, thereby reducing the company to insolvency. He now seeks to prove and have allowed as a debt against the bankruptcy estate the notes executed by the bankrupt, and given him as deferred payments. He seeks to share in the distribution of the estate with the creditors for whose pecuniary injury and financial loss he is in part responsible. The purchase of his shares by Smith with the funds and property of the company operated as a fraud upon its cred-

itors, and the holding of the referee that the sale was invalid and his consequent refusal to allow the claim of Menefee is approved and confirmed. The costs of this certificate will be taxed against the claimant.