### MATTHEWS BROS. v. PULLEN et al.

(Circuit Court of Appeals, First Circuit. November 19, 1920.)

#### No. 1469.

Corporations ⬤⟿565(1)—Stockholder cannot be transmuted into creditor by executory contract for sale of stock to corporation.

    A stockholder of a corporation cannot, through an executory contract for the sale of his stock to the corporation, cease to be a stockholder and become a creditor, with the right to share in competition with other creditors in the assets of the corporation, when insolvent.

Appeal from the District Court of the United States for the District of Massachusetts; Charles F. Johnson, Judge.

Matthews Bros., a creditor, appeals from a decree directing William L. Pullen, receiver of the D'Arcy & Sons Company, to pay dividends on certain claims. Reversed in part.

Graften L. Wilson, of Boston, Mass. (Hale & Dorr and John M. Maguire, all of Boston, Mass., on the brief), for appellant.

Edward W. Bancroft, of Boston, Mass. (H. P. L. Partridge, of Boston, Mass., on the brief), for appellees D'Arcy and Shepard.

Before BINGHAM and ANDERSON, Circuit Judges, and ALDRICH, District Judge.

BINGHAM, Circuit Judge. This is an appeal from a decree of the District Court of Massachusetts allowing a master's report and directing the receiver to pay a dividend of 10 per cent. on the claims of Gerald J. D'Arcy and Maria B. Shepard as determined by the report.

D'Arcy & Sons Company was a Massachusetts corporation organized March 9, 1904, and conducted a wholesale and retail lumber business. On April 29, 1918, it was put into the hands of a receiver. Its capital stock was $78,000, and the par value of its shares was $100 each. Seven hundred and twenty shares were owned by Michael F. D'Arcy. In 1909 Maria B. Shepard purchased from D'Arcy 300 of the shares

for $20,000. January 2, 1917, she sold her shares to the corporation for $20,000; the purchase being authorized by the directors. For this stock she received notes and cash. She retained one of the notes on which there is due $8,702.96. The other notes she sold and transferred to Michael F. D'Arcy, who sold and transferred them to his son, Gerald J. D'Arcy. The amount due on these notes is $7,798.37. The corporation has never parted with the stock. It is the allowance of these claims and the order directing the payment of a dividend of 10 per cent. upon them that is in question on this appeal.

It is found that at the time the stock was purchased and the notes were given the corporation was solvent, that the purchase of the stock was made in good faith and did not make the corporation insolvent, and that Michael F. D'Arcy and Gerald J. D'Arcy knew of the purchase of the stock and the giving of the notes at the time the transaction took place. The corporation is now insolvent, and Maria B. Shepard and Gerald J. D'Arcy are seeking to have the claims allowed, and to share pari passu with the other creditors in the assets of the corporation.

In Keith v. Kilmer, 261 Fed. 733, decided by this court November 15, 1919, the question was:

"Whether, by executory contract between a Maine corporation and one of its stockholders, such stockholder may be transmuted from a stockholder into a creditor, and as such be permitted to share in the assets, pari passu with merchandise and other ordinary creditors, proving claims in bankruptcy."

It was there pointed out that, while a Massachusetts corporation may, under certain circumstances, purchase its own capital stock, a stockholder cannot—

"through an executory contract cease to be a stockholder, and become a creditor, to share in competition with other creditors in the assets of the corporation when bankrupt."

We regard the facts in that case as differing in no material respect from those here presented, and the conclusion there reached as decisive of the matter now before us. See, also, In re Fechheimer Fishel Co., 212 Fed. 357, 129 C. C. A. 33; In re Brueck & Wilson Co. (D. C.) 258 Fed. 69.

The decree of the District Court as to the above claims of Maria B. Shepard and Gerald J. D'Arcy is vacated. In other respects it is affirmed, and the case is remanded to that court for further proceedings not inconsistent with this opinion.