### In re ATLANTIC PRINTING CO.
### No. 38922.

District Court, D. Massachusetts.
June 20, 1932.

Memorandum and Order of Referee Relative to Claim of Horace J. Martin.

This matter came on to be heard on an agreed statement of facts filed with me on January 28, 1932. Subsequently briefs were filed by Messrs. Warner, Stackpole, Bradlee & Cabot (Francis E. Drohan, Esq.) on behalf of Wendell H. Marden, trustee in bankruptcy, and by Messrs. Berger and Spinoza (Joseph B. Wolbarsht, Esq.), on behalf of the claimant.

This is a petition to establish as a provable debt a claim against the bankrupt estate of the Atlantic Printing Company. On April 29, 1926, the Atlantic Printing Company and the claimant, Martin, entered into a contract which provided that Martin would immediately "take and pay for ten thousand dollars ($10,000) in amount of the preferred stock of the Company at par and for cash," and that the company would issue preferred stock together with five shares of common stock. In consideration for this purchase the company agreed to employ Martin as assistant treasurer. The contract further provided that: "If on November 1, 1927, the said Martin is not then employed by the Company, the Company agrees to purchase back from the said Martin the ten thousand dollars ($10,000) in amount of preferred stock bought by the said Martin hereunder, paying par therefor. * * *" The company was to have the option of paying for the stock in either cash or notes.

Martin paid the $10,000 and the company issued two stock certificates, one to Grace W. Martin (Martin's nominee) for 100 shares of preferred stock, and one to Martin, the claimant, for 5 shares of common stock. Both certificates are still outstanding. Martin was duly elected assistant treasurer and about one year later, treasurer. About July 6, 1927, Martin was requested to resign as treasurer but refused to do so. On July 18, 1927, he submitted his resignation as "Treasurer, Clerk and Director." No action was taken on this resignation by the board of directors at its meeting July 19, 1927. Martin then submitted similar resignations on July 19 and July 22, 1927. On September 15, 1927, he signed the interrogatories to the bankrupt as treasurer of the company.

The company filed a voluntary petition in bankruptcy on August 4, 1927, and a trustee was appointed September 15, 1927. On November 3, 1927, demand was made, in behalf of Martin on the attorney for the trustee in bankruptcy, for notes in the amount of $10,000 in payment for the preferred stock in accordance with the above-mentioned contract. This demand was refused on the ground that the trustee had no authority to cause a bankrupt corporation to make such notes.

I assume for present purposes, but without deciding, that Martin's resignation was sufficient to terminate his employment with the company and that the obligation of the company to repurchase the stock became operative without tender on the part of Martin. The record is silent on the financial status of the company at the time of the making of the contracts, but again taking the view most favorable to the claimant, Martin, I assume that the company was then solvent so that the contract was valid at its inception.

The question presented is whether a stockholder, from whom the corporation has contracted to repurchase its stock, can prove damages for a breach of such contract accruing after bankruptcy on a par with the general creditors.

A Massachusetts corporation can purchase or contract to purchase its own capital stock. Such purchases do not constitute a reduction of capital within the meaning of the statute. Dupee v. Boston Water Power Co., 114 Mass. 37; New England Trust Co. v. Abbott, 162 Mass. 148, 38 N. E. 432, 27 L. R. A. 271; Leonard v. Draper, 187 Mass. 536, 73 N. E. 644; Dustin v. Randall Faich-

ney Corporation, 263 Mass. 99, 160 N. E. 528. However, this doctrine seems somewhat limited by a recent Massachusetts decision where the court, although upholding such a contract, distinctly indicated that no encroachment on creditors' rights will be tolerated: "We do not mean to intimate * * * that stockholders and officers of a corporation may, even acting in good faith, purchase its stock if it is proved that such purchase will result in loss to its creditors or to its stockholders, either preferred or common." Barrett v. Webster Lumber Co., 275 Mass. 302, 175 N. E. 765, 768.

Therefore while it is proper for a solvent corporation to contract to purchase its own stock, the right of the stockholder to enforce the contract is conditioned upon the ability of the corporation to make payment without infringing upon the protected rights of the other stockholders and creditors. This point arose in Re Fechheimer Fishel Co. (C. C. A.) 212 F. 357, 363, and the court said: "If a stockholder sells his stock to a corporation which issued it, he sells at his peril and assumes the risk of the consummation of the transaction without encroachment upon the funds which belong to the corporation in trust for the payment of its creditors." Thus the solvency of the corporation at the date of the inception of the contract is not determinative of its enforceability. Even though solvent at that time, the contract cannot be performed if performance would impair those assets on which the creditors have a superior lien. Keith v. Kilmer (C. C. A.) 261 F. 733, 9 A. L. R. 1287; In re Fechheimer Fishel Co., supra.

It has been held that notes, given by the corporation when solvent in payment for its stock, were not provable in bankruptcy proceedings. In re O'Gara & McGuire, Inc. (D. C.) 259 F. 935; In re Fechheimer Fishel Co., supra; In re Tichenor-Grand Co. (D. C.) 203 F. 720. These cases are strong authorities against the present claim because the notes were clear evidence of an acknowledged indebtedness, while in the instant case the corporate obligation is not so clear. The rule as laid down in Keith v. Kilmer, supra, refusing to allow proof of a claim in bankruptcy for a breach by the corporation of a contract to purchase its own stock, has been followed in equity receivership proceedings. Hazel Atlas Glass Co. v. Van Dyk & Reeves (C. C. A.) 8 F.(2d) 716; Grasselli Chemical Co. v. Ætna Explosives Co. (D. C.) 258 F. 66.

To allow the present claim would be to repudiate the long-recognized doctrine that the capital stock constitutes a trust fund for the benefit of the corporate creditors. Handley v. Stutz, 139 U. S. 417, 11 S. Ct. 530, 35 L. Ed. 227; Upton v. Tribilcock, 91 U. S. 45, 23 L. Ed. 203; Sawyer v. Hoag, 17 Wall. 610, 21 L. Ed. 731. Stockholders are conclusively presumed to know of the trust character of this fund and that all dealings in respect thereto are subject to whatever equities are attached to the fund. To enforce performance of this contract would have the further effect of transforming a stockholder into a creditor and would permit him to share equally and in competition with the other creditors. It is already well established that a shareholder is not a corporate creditor, Warren v. King, 108 U. S. 389, 2 S. Ct. 789, 27 L. Ed. 769, and he does not, by virtue of a contract to repurchase stock, cease to be a shareholder and become a creditor, Hazel Atlas Glass Co. v. Van Dyk & Reeves, supra; Keith v. Kilmer, supra; Matthews Bros. v. Pullen (C. C. A.) 268 F. 827.

The plaintiff contends that this was a sale on condition and therefore not within the ordinary rule laid down in Keith v. Kilmer, supra. From the agreed state of facts it appears that the certificates for the stock were issued to Martin and to his nominee, Grace W. Martin, and that these certificates are still outstanding. In view of such facts, it must be presumed that the names of the certificate holders appear on the books and records of the corporation in the manner prescribed by law for all such stockholders. It must also be presumed that the amount of Martin's investment appeared as stock in certificates filed at the State House in conformity with the Massachusetts corporation laws. There was nothing, therefore, to inform the creditors of the conditional character of the transaction. To them everything indicated that Martin and his nominee, Grace W. Martin, became in every sense of the word full shareholders, and as such they must be treated. Any secret agreement with a stockholder to repurchase his stock is void in so far as it results in a depletion of the fund on which creditors rely for payment. Such an agreement would in effect be a devise to withdraw the assets of an insolvent corporation from the reach of persons having a lien thereon. Keith v. Kilmer, supra; In re Fechheimer Fishel Co., supra. That such result would be a complete rejection of all the well-considered doctrines defining the creditors' rights in the capital stock is too clear for discussion.

The claimant likewise contends that the failure of the corporation to complete its

contract constitutes a breach for which he should be entitled to damages. The purpose of forbidding performance of the contract is to prevent the depletion of the assets which should go to the creditors. It would surely be illogical, while sustaining this doctrine, to direct that the corporation pay over the same capital to the same sharcholder as damages for failure to perform.

It is therefore ordered, adjudged, and decreed that the petition of Horace J. Martin to establish as a provable debt against the bankrupt estate of the Atlantic Printing Company that certain claim set forth in the above memorandum be and it hereby is dismissed.

B. Loring Young,
Referee in Bankruptcy.

William L. Berger, of Boston, Mass., for Horace J. Martin.

Francis E. Drohan, of Boston, Mass., for trustee in bankruptcy.

LOWELL, District Judge.

At Boston, in said district, on the 20th day of June, A. D. 1932, upon the question certified to the court by the referee in said matter on the 9th day of May, A. D. 1932, now therefore after hearing argument of William L. Berger, counsel for Horace J. Martin, and Francis E. Drohan, of counsel for the trustee in bankruptcy being present and not heard, Now after due consideration of the same:

It is hereby ordered and decreed that the order of the referee dismissing the petition of Horace J. Martin to establish as a provable debt against said bankrupt estate a contract based upon the purchase of stock with a repurchase agreement, be and it hereby is affirmed.

It is further ordered that the clerk send a copy of this order by mail to the referee.