## BOGGS v. FLEMING et al.

### No. 3477.

Circuit Court of Appeals, Fourth Circuit.

July 13, 1933.

Walter H. Robertson, of Bristol, Va. (H. H. Haynes, Sr., of Bristol, Va., on the brief), for appellant.

S. Bruce Jones, of Bristol, Va. (Donald T. Stant and William H. Woodward, both of Bristol, Va., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

The Boggs-Rice Company was a Virginia corporation conducting a retail furniture business, having stores at different points in Virginia and one at Bristol, Tenn. On May 31, 1932, the company filed a voluntary petition in bankruptcy in the District Court of the United States for the Western District of Virginia, at Abingdon. Appellant, Walter J. Boggs, was a stockholder, and had been president of the bankrupt company since January 13, 1927. On February 10, 1930, the Virginia-Lincoln Furniture Corporation became the owner of 51 per cent. of the common stock of the Boggs-Rice Company. The Virginia-Lincoln Furniture Corporation was controlled by John D. Lincoln and C. C. Lincoln, Jr. Late in the year 1931 some friction arose between appellant and the Lincolns as to the management of the business of the Boggs-Rice Company, and in the latter part of January, 1932, an agreement was reached to

the effect that the Boggs-Rice Company should take up the stock of appellant and issue to him in lieu thereof 250 shares of 7 per cent. cumulative preferred stock in the company, and that the bankrupt should pay appellant $25,000 for the preferred stock in installments during a period of more than ten years. A number of other conditions were incorporated in this agreement, among them one to the effect that appellant was to be relieved of indorsements he had made for the bankrupt. Appellant also agreed to give his whole-hearted moral support to the business, and was not to engage in any competing business until the agreement was completely carried out. Appellant was to release the Boggs-Rice Company from any employment contracts he had with it. This agreement was evidenced by a letter written by the appellant as president of the bankrupt company to himself personally, which was dictated by Mr. C. C. Lincoln, Jr., signed by Boggs as president of the bankrupt, and contained a statement to the effect that the agreement had been approved and authorized by the directors of the Boggs-Rice Company at a meeting held on January 29, 1932. There is no record, however, of any such meeting of the board, and no record of any such action. There was, however, an effort at ratification at a directors meeting held on May 11, 1932, when the bankruptcy of the company was imminent.

In accordance with the agreement, Boggs resigned as president of the bankrupt, and the terms of the agreement were carried out to the extent that appellant received from the Boggs-Rice Company $1,035, and was relieved of his indorsements. Upon the bankruptcy of the Boggs-Rice Company, appellant filed his claim as a creditor for the $25,000 due him under the contract, less the amount received by him. The referee rejected the claim, and the District Judge affirmed the referee's ruling. In his opinion (4 F. Supp. 431) the judge below holds that the contract between the appellant and the bankrupt was a contract for the purchase of its own stock by the bankrupt company; that the agreement as evidenced by the letter above described was never properly authorized or ratified by the Boggs-Rice Company; that the attempt to ratify the contract of May 11, was ineffective because at that time everybody connected with the bankrupt company knew that the company was "utterly insolvent and that bankruptcy was inevitable and near at hand." The judge in his opinion further held that there was an intent at that time to adversely affect the interests of the unsecured creditors then existing.

An examination of the record shows that, while the financial situation of the bankrupt had not reached the point where bankruptcy was immediately necessary in January, 1932, yet there was serious doubt as to the solvency of the Boggs-Rice Company, and certainly the proposed contract with appellant, obligating the company to pay him $25,000, largely for its own stock, did not improve the company's financial condition, and, in our opinion, completed the insolvency of the company if it were not already insolvent. Atlanta & W. B. & C. Asso. v. Smith, 141 Wis. 377, 123 N. W. 106, 32 L. R. A. (N. S.) 137, 135 Am. St. Rep. 42; In re Smith Lumber Co. (D. C.) 132 F. 618.

In addition to this, before many payments had been made to the appellant by virtue of the contract, the company went into bankruptcy, and giving effect to the contract and giving to the appellant the status of a creditor would adversely affect the interest of other creditors.

While, in the absence of charter or statutory prohibition, it is well settled that a corporation may purchase its own stock, it can only do so provided the act is in good faith and without intent to injure its creditors. This is the rule in Virginia. U. S. Min. Co. v. Camden & Driscoll, 106 Va. 663, 56 S. E. 561, 117 Am. St. Rep. 1028; Kennerly v. Columbia Chemical Corp., 137 Va. 240, 119 S. E. 265; Grace Securities v. Roberts, 158 Va. 792, 164 S. E. 700.

The authorities are unanimous to the effect that, even though a corporation be solvent when it contracts to purchase its own stock, it may not later, upon insolvency, pay for it, until after the existing creditors have been paid, and in no event can such purchase be upheld in bankruptcy when it is in fraud of the rights of other creditors. McIntyre v. E. Bement's Sons, 146 Mich. 74, 109 N. W. 45, 10 Ann. Cas. 143; Olmstead v. Vance & Jones Co., 196 Ill. 236, 63 N. E. 634; Fitzpatrick v. McGregor, 133 Ga. 332, 65 S. E. 859, 25 L. R. A. (N. S.) 50; Heggie v. Building & L. Association, 107 N. C. 581, 12 S. E. 275; Hoover Steel Ball Co. v. Schaefer Ball Bearings Co., 90 N. J. Eq. 164, 106 A. 471; Topken, Loring & Schwartz v. Schwartz, 249 N. Y. 206, 163 N. E. 735, 66 A. L. R. 1179; Crandall v. Lincoln, 52 Conn. 73, 52 Am. Rep. 560; Hamor v. Taylor-Rice Engineering Co. (C. C.) 84 F. 392; Guaranty Trust Co. of N. Y. v. Gal-

veston City R. R. Co. (C. C. A.) 107 F. 311; In re Smith Lumber Co., supra; Ellsworth v. Lyons (C. C. A.) 181 F. 55; In re Fechheimer Fishel Co. (C. C. A.) 212 F. 357; Grasselli Chemical Co. v. Ætna Explosives Co. (D. C.) 258 F. 66; In re Brueck & W. Co. (D. C.) 258 F. 69; In re O'Gara & McGuire (D. C.) 259 F. 935; Keith v. Kilmer (C. C. A.) 261 F. 733, 9 A. L. R. 1287; Clark v. E. C. Clark Machine Co., 151 Mich. 416, 115 N. W. 416; In re Tichenor-Grand Co. (D. C.) 203 F. 720.

Transactions between officers of a corporation and the corporation, the fairness and good faith of which are challenged, are jealously regarded by the law, and the burden is upon those who would sustain them to show their validity. Richardson's Executors v. Green, 133 U. S. 30, 10 S. Ct. 280, 33 L. Ed. 516; Howland v. Corn (C. C. A.) 232 F. 35; Finefrock v. Kenova Mine Car Co. (C. C. A.) 22 F.(2d) 627.

This court has repeatedly held that the finding of the referee confirmed by the judge is entitled to great weight. It is strongly contended on behalf of appellant that, aside from the validity of the sale of stock, appellant is entitled to something for his good will and his agreement not to go into the furniture business in opposition to the bankrupt. The referee gave serious consideration to this claim, but decided it was too vague and uncertain to be allowed in any definite sum, and in this conclusion we concur.

An examination of the record leads us to the conclusion that the findings of the referee as confirmed by the judge were right, and the order of the court below rejecting the claim of appellant is accordingly affirmed.