## In re VULCAN SOOT CLEANER CO.
### No. 17831.

District Court, W. D. Pennsylvania.
Jan. 29, 1935.

D. E. Chaplin, of Clearfield, Pa., referee.

Breene & Jobson, of Oil City, Pa., for Union B. & T. Co.

Kountz & Fry, of Pittsburgh, Pa., for creditors.

Boulton & Boulton, of Clearfield, Pa., for Deposit Nat. Bank.

SCHOONMAKER, District Judge.

The Deposit National Bank of DuBois, Pa., filed a claim of $13,205, based on two notes of $8,000 and one for $5,000. The referee disallowed the portion of the claim based on the $8,000 note on the ground that it was given for purchase of bankrupt's preferred capital stock and could not be paid without prejudice to the right of creditors. We have this disallowance order now for review.

The bankrupt is a Delaware corporation, which may, under the laws of that state (Delaware Corporation Laws, art. 1, §§ 19, 27 [Rev. Code Del. 1915, §§ 1933, 1941]), purchase its own common stock when the purchase will not impair its capital and may also purchase its own preferred stock, using certain parts of its capital assets for that purpose; provided that the assets of the corporation remaining after such purchase shall be sufficient to pay any debts of the corporation, the payment of which had not been otherwise provided for.

In November, 1925, the bankrupt purchased from the Deposit National Bank 250 shares of its preferred stock. The deal was closed in January, 1926, when the bank assigned and delivered the stock to the bankrupt, receiving in payment $5,500 in cash and the bankrupt's note for $12,000. The stock in question was reissued to J. Osborn, trustee for bankrupt, and then turned over to the bank as collateral security for the $12,000 note. This note was renewed from time to time, payments on the part of the bankrupt reducing it to $8,000, for which last renewal the bank holds the note of the bankrupt for $8,000, dated April 9, 1932, which represents the portion of the bank's claim disallowed by the referee. At the time of the original transaction for the purchase of this stock by the bankrupt, the corporation was solvent and there is no evidence that the transaction was in any way tainted with collusion or bad faith. Had the entire purchase price then been paid, it could not therefore be now questioned. But as we view the law, the right of the bank as vendor of this stock to receive payment on the note given the bank by the corporation was not conclusively established by the fact that the corporation was solvent when the purchase was made. The bank's right to payment of this $8,000 note depends upon the condition of the assets of the corporation at the time payment of the note is to be made, which, of course, is now after the corporation has become bankrupt. It does not appear now that the assets of the corporation are sufficient to pay the other debts of the corporation. Therefore, the bank-claimant does not present a case within the Delaware statute which permits payment of this note given for the purchase of capital stock.

The ruling case on this subject is In re Fechheimer Fishel Co. (C. C. A.) 212 F. 357, 363. Counsel for claimant undertakes to distinguish the instant case from the Fechheimer Case on account of the corporation involved being a New York corporation and the statute of New York forbidding the purchase by a corporation of its own stock, except out of surplus. We cannot see that this fact makes any difference. By both statutes purchase by a corporation of its own capital stock can only be made when it can be paid for without prejudice to creditors. The fact that one statute is penal and one not does not change that condition.

Circuit Judge Rogers, In re Fechheimer Fishel Co., supra, thus aptly states the principle which prevents the allowance of the bank claim:

"If at the time the stockholder receives payment for his stock the payment prejudices the creditors, payment cannot be enforced. If a stockholder sells his stock to a corporation which issued it, he sells at his peril and assumes the risk of the consummation of the transaction without

encroachment upon the funds which belong to the corporation in trust for the payment of its creditors.

"The right of the creditors of the corporation cannot be '.defeated by the fact that at the time the transaction was entered into the seller of the stock and the officers of the company who purchased it were acting in good faith and supposed that the company was solvent."

The view finds support in the following cases: In re Tichenor-Grand Co. (D. C.) 203 F. 720; In re Atlantic Printing Co. (D. C.) 60 F.(2d) 553; Boggs v. Fleming (C. C. A.) 66 F.(2d) 859; In re Brueck & Wilson Co. (D. C.) 258 F. 69; In re O'Gara & McGuire (D. C.) 259 F. 935.