## ROBINSON v. WANGEMANN.
### No. 7532.

Circuit Court of Appeals, Fifth Circuit.
Feb. 22, 1935.

Rehearing Denied March 27, 1935.

Coleman Gay, of Austin, Tex., for appellant.

Allen V. Davis, of Corpus Christi, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment affirming an order of the referee allowing a claim against the estate of Reichardt-Abbott Company, Inc., bankrupt, based on a note given by the corporation in payment for shares of its own stock purchased by it.

The facts are not in dispute. In October, 1922, Arthur Wangemann, who was its president and a large stockholder in Wangemann-Reichardt Company, Inc., sold 500 shares of its own stock owned by him to the corporation at $110 per share, a total of $55,000, to be paid for on or before January 1, 1923. The purchase was authorized by a meeting of stockholders and the company's note, due January 1, 1923, bearing 7 per cent. interest from October 1, 1922, was delivered to him in payment. At that time the corporation was solvent and its surplus in cash, over and above its liabilities, was more than $55,000. The note, due January 1, 1923, was not paid. From time to time, renewal notes were issued and the debt was reduced to $35,000. The name of the corporation was changed to Reichardt-Abbott Company, Inc., and under that name it was adjudicated bankrupt. Its assets are not sufficient to pay creditors in full. The claim of appellee is based on one of the renewal notes for $30,000, due January 1, 1933, and four notes each for $500, given in payment of interest on said note, together with interest on all

the said notes. Appellee holds said notes as executrix under his will and sole legatee of Arthur Wangemann.

The referee held that the corporation had the right to purchase its own stock, relying upon the cases of San Antonio Hardware Co. v. Sanger (Tex. Civ. App.) 151 S. W. 1104; Medical Arts Bldg. Co. v. Southern Finance & Development Co. (C. C. A.) 29 F.(2d) 969, that the transaction was in good faith, and, as the corporation had sufficient surplus out of which the stock could have been paid for at the time it was purchased, without prejudice to creditors, appellee was entitled to prove her claim and participate equally with the other creditors in the distribution of the assets.

It may be conceded that if Arthur Wangemann had received cash for his stock at the time he relinquished it the transaction would have been valid, but that is not the case here presented.

We will not attempt to review all the authorities cited by the parties. In the two cases relied upon by the referee the controversies were between the corporations and the noteholders and no creditors were complaining. They are not in point as applied to the facts in this case. Arthur Wangemann loaned no money to the corporation. The note he accepted for his stock did not change the character of the transaction nor did the renewals have that effect. A transaction by which a corporation acquires its own stock from a stockholder for a sum of money is not really a sale. The corporation does not acquire anything of value equivalent to the depletion of its assets, if the stock is held in the treasury, as in this case. It is simply a method of distributing a proportion of the assets to the stockholder. The assets of a corporation are the common pledge of its creditors, and stockholders are not entitled to receive any part of them unless creditors are paid in full. When such a transaction is had, regardless of the good faith of the parties, it is essential to its validity that there be sufficient surplus to retire the stock, without prejudice to creditors, at the time payment is made out of assets. In principle, the contract between Wangemann and the corporation was executory until the stock should be paid for in cash. It is immaterial that the corporation was solvent and had sufficient surplus to make payment when the agreement was entered into. It is necessary to a recovery that the corporation should be solvent and have sufficient surplus to prevent

injury to creditors when the payment is actually made. This was an implied condition in the original note and the renewals accepted by Arthur Wangemann.

As the assets of the bankrupt are not sufficient to pay the creditors in full and there is no surplus out of which the note could be paid, appellee, who is in no better position than the original holder of the notes, cannot be permitted to share with the other unsecured creditors in the distribution of the assets of the bankrupt estate. She may be permitted to file her claim, but it is subordinate to the claims of the other creditors. The following authorities support this conclusion: Boggs v. Fleming (C. C. A.) 66 F.(2d) 859; Matthews Bros. v. Pullen (C. C. A.) 268 F. 827; Keith v. Kilmer (C. C. A.) 261 F. 733, 9 A. L. R. 1287; In re Fechheimer Fishel Co. (C. C. A.) 212 F. 357; In re Brueck & Wilson Co. (D. C.) 258 F. 69.

Reversed and remanded for further proceedings not inconsistent with this opinion.