Philip I. **PALMER**, Jr., as Trustee in Bankruptcy of Maxwell Electronics Corporation, d/b/a KMEC–TV, Bankrupt, Plaintiff-Appellant,

v.

James A. **JUSTICE** et al., Defendants-Appellees.

No. 71–2178.

United States Court of Appeals, Fifth Circuit.

Nov. 30, 1971.

Rehearing Denied Dec. 27, 1971.

------◆------

A. L. Vickers, Dallas, Tex., for plaintiff-appellant.

Franklin E. Spafford, Samuel J. Ferro, Jr., Dallas, Tex., for James A. and Glenn W. Justice.

Robert E. Wilson, Robin P. Hartmann, Dallas, Tex., for Robert Bruce Lane.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

This appeal by a trustee in bankruptcy centers entirely on the denial of a claim brought under § 70(e) of the National Bankruptcy Act. 11 U.S.C.A. § 110(e). The claim was to avoid payments made to appellees by Maxwell Electronics, the bankrupt, for corporate stock in Maxwell.

The purchase was made by Maxwell and the stock transferred in 1963 when Maxwell had adequate surplus to warrant the purchase. Payment was made by promissory notes which were paid in 1966 when Maxwell was solvent but at a time when its surplus account was insufficient to cover the payments. Maxwell was adjudicated a bankrupt in 1969.

We do not reach the question whether it was necessary for Maxwell to have sufficient unrestricted surplus at the time actual payment was made. See Art. 2.03, Texas Business Corporation Act, V.A.T.S. Bus.Corp.Act., Art. 2.03; and cf. Robinson v. Wangemann, 5 Cir., 1922, 75 F.2d 756.

The short answer in affirming the district court, 322 F.Supp. 892, is that the record demonstrates conclusively that the stock in question was purchased" to * * * compromise indebtedness owed by or to the corporation [Maxwell] * * *" within the scope of Art. 2.03 (B) (2) of the Texas Business Corporation Act, supra. This statute expressly authorizes purchases such as are here involved and there the matter ends.

Affirmed.