Anita Lang **LIEBOWITZ** and Jerome Daniel Goodman, as Trustees, Appellants,

v.

**COLUMBIA PACKING COMPANY, Appellee.**

**Bankruptcy No. 85–2731–C.**

United States District Court, D. Massachusetts.

Dec. 17, 1985.

Victor Bass, Palmer & Dodge, Boston, Mass., for appellants.

William V. Sopp, Catherine S. Croisant, McCabe & Gordon, P.C., Richard E. Mikels, P.C., Peabody & Brown, William H. Tucker, U.S. trustee, Boston, Mass., for appellee.

## MEMORANDUM

CAFFREY, Chief Judge.

This is an appeal from a decision and order of the Honorable Harold Lavien, United States Bankruptcy Judge, granting the motion for summary judgment made by the debtor-in-possession, Columbia Packing Company ("Columbia Packing" or "the Company"), on its motion for an order equitably subordinating the claim of the appellants, Anita Lang Liebowitz and Jerome Daniel Goodman ("the Trustees"), as trustees of the Family Trust under Article IV of the Indenture of Trust of Sidney A. Lang ("the Family Trust"). The appellants contend that the motion to subordinate was untimely filed, and that even if it were timely, the Bankruptcy Court erred in allowing the motion and in subordinating the claim.

In January, 1977, Columbia Packing, a close corporation, entered into a Stock Purchase Agreement ("the Agreement") with its three stockholders, Sidney Lang, Morris Sherman, and Jack Borteck. The Agreement contained restrictions on transfer of the three shareholders' stock and established a voting trust. It also provided that the estate of the first stockholder to die would have an option to sell that stockholder's shares back to the Company within four months of his death. If the option was not exercised by the estate of the first shareholder to die, then it was available to the estate of the second shareholder to die, and so on. If the option was exercised, however, then the life insurance proceeds from each subsequent stockholder's death would accrue to the Company. When an estate exercised the option, the Company was to pay for its stock with proceeds from a $300,000 life insurance policy it maintained on the life of each stockholder, and the remainder of the price was to be paid for with a promissory note. The stated

purpose of the Agreement was to provide a market for the sale of the stock owned by either Lang, Sherman, or Borteck upon his death, thereby assuring a fair price for the stock and minimizing any adverse effect such a sale might have on the efficient operation and continuity in management of the Company. The Agreement was entered into in good faith and not in anticipation of bankruptcy.

In 1981 Sidney Lang became the first of the three stockholders to die. His estate elected to sell his stock to Columbia Packing. The Company paid the proceeds of the life insurance policy on Lang to his estate and on May 15, 1981 issued a promissory note ("the Note") to his estate for the balance due of $267,000. Under the terms of the Agreement, no payments could be made on the Note until at least May 15, 1983. The Note was later assigned to the Family Trust. In February, 1983, Columbia Packing filed a chapter 11 petition in bankruptcy. It was later determined that Columbia Packing had been insolvent since July of 1982.

On March 30, 1984, the Trustees filed a timely proof of claim for $267,000 based on the Note. Subsequently, on April 6, 1984, the Bankruptcy Court issued an order confirming the Plan of Reorganization for Columbia Packing. The order stated that any objections to claims had to be made within 60 days of the final confirmation date of the plan.[1] No objection to the order or any claim was filed.

Columbia Packing filed a motion to subordinate the Trustees' claim for the $267,000 Note on January 7, 1985, after the expiration of the time period for filing objections. The Trustees opposed the motion, claiming that it was untimely under the Bankruptcy Court's confirmation order. After a hearing on January 15, 1985, the Bankruptcy Court determined that Columbia Packing's motion to subordinate was

---

1. The order provided, in pertinent part:

   10. The Debtor, through its special counsel appointed pursuant to Order number 9 above, shall have sixty (60) days from the Final Confirmation Date to file its objections to any claims. Any claim which has been filed or scheduled as undisputed, non-contingent and liquidated which is not objected to within such sixty-day period shall be deemed allowed as filed or, if not filed, as scheduled, if it is scheduled as undisputed, non-contingent and liquidated.

not an objection to the claim which was time-barred by the confirmation order. On April 30, 1985, after hearing oral argument, the Bankruptcy Court granted Columbia Packing's motion to equitably subordinate the Trustees' claim. The Trustees appealed to this Court.

■ When reviewing orders of a bankruptcy court, a district court evaluates factual findings under the "clearly erroneous" standard, and legal questions *de novo*. *E.g.*, *In Re of U.I.P. Engineered Products Corp.*, 43 B.R. 480, 482 (N.D.Ill.1984). The facts relevant to this case are undisputed. Because only legal questions are in dispute, this Court will review the issues *de novo*.

The first issue is whether Columbia Packing's motion to equitably subordinate the Trustees' claim was timely filed. The Trustees contend that the motion was untimely because it was not made within the 60–day deadline for objecting to claims. Columbia Packing has not, however, disputed the validity or amount of the claim. Rather, it has asserted that the Trustees' claim, as allowed, should be subordinated to those made by general creditors.

■ Section 510(c) of the Bankruptcy Code provides, in pertinent part: "[A]fter notice and a hearing, the court may—(1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim...." 11 U.S.C. § 510(c). The plain language of the section shows that it applies to claims already allowed by a bankruptcy court. The section refers to the order in which claims to the bankrupt estate will be satisfied when the assets are distributed, not to the validity of the claims themselves. The Bankruptcy Court sits as a court in equity, and may find that principles of fairness require that particular proven claims be relegated to a position inferior to the claims of general creditors. *See Pepper v. Litton*, 308 U.S. 295, 304–13, 60 S.Ct. 238, 244–48, 84 L.Ed. 281 (1939). There is no statutory requirement that the determination to subordinate a claim be incorporated in an order of allowance. Where a claim is deemed allowed unless an objection is made, as it was in this case, the court may prefer to consider questions of subordination only after the period for objections is over. It is logical that a claim must first be allowed before it can be subordinated. I rule that the motion to subordinate was not time-barred by the Bankruptcy Court's order.

The second issue is whether the Bankruptcy Court erred in subordinating the Trustees' claim. The Trustees argue that their claim is based on debt, not on equity, and that Columbia Packing received valuable consideration in addition to stock when it redeemed Lang's stock under the Agreement.

■ It is immaterial that Columbia Packing was solvent when it purchased the stock from the Lang estate and that the repurchase Agreement was made in good faith. *See Matthews Bros. v. Pullen*, 268 F. 827, 828 (1st Cir.1920). What is essential is that a corporation have sufficient surplus to retire the stock at the time payment is made out of the corporate assets. *Robinson v. Wangemann*, 75 F.2d 756, 757–58 (5th Cir.1935). When a stockholder sells his stock to a corporation and receives cash and a promissory note from the corporation in return, that stockholder does not thereby become a debt creditor who stands on equal footing with trade or general creditors should the corporation become bankrupt. *Matthews Bros. v. Pullen*, 268 F. at 828. The underlying nature of the transaction survives, and the note remains an equity obligation. *Robinson v. Wangemann*, 75 F.2d at 757. A stockholder who accepts a note in payment for his stock assumes the risk that the corporation will be solvent when the note becomes due. *In Re Trimble Company*, 339 F.2d 838, 843 (3d Cir. 1964).

■ Columbia Packing was insolvent both when the Note became payable and when the Trustees filed their claim against

the Company. The Note was acquired when Columbia Packing repurchased Lang's stock and arose from an equity obligation. It follows, therefore, under the well-established principles stated above, that the Trustees' claim on the Note should be subordinated to those of general creditors.

The Trustees argue, however, that the Agreement distinguishes their claim from those considered in previous cases by affording the Company value beyond the stock itself. The additional consideration they refer to is Lang's continued association with Columbia Packing subsequent to the signing of the Agreement, an association which they assert provided the Company with the continuity in experienced management necessary for a successful business.

In regard to the Agreement, I note first that it was made among the three sole stockholders of a close corporation. The Agreement thus does not represent an arm's length bargain between a separate enterprise and its employees. Although an agreement such as the one at issue may be valid and enforceable, its existence does not alter the nature of the transactions to which it refers. Stockholders in a close corporation often make such agreements restricting transfer of stock to ensure some control over ownership of the corporation. There is no evidence that Lang gave up other business opportunities in reliance on the Agreement. He received a salary for his work in the Company. That the stock was sold to the Company pursuant to the terms of an Agreement does not change the fact that the Note represents a debt based on the repurchase of equity in the corporation.

Accordingly, I affirm the decision of the Bankruptcy Court. I rule that the Trustees' appeal should be dismissed because the claim on the Note should be equitably subordinated to the claims of general creditors.

Order accordingly.